[No. 2,616.]

## JOEL S. POLACK *v.* S. M. MANSFIELD.

AGAINST WHOM EJECTMENT WILL LIE.—The general rule is, that eject-ment can be maintained only against the real party in possession, although he is not personally on the premises, but may be in possession through ser-vants and employés.

IDEM.—The general rule is, also, that a mere servant or employé, who does not claim any interest in the premises nor any right to their possession, and only in that manner occupies the premises, cannot be sued in an action of ejectment brought to recover them.

IDEM.—The above rule presupposes that the employer may be sued, but if a case arises in which the employer is not amenable to an action, the rule cannot be applied, and the employé becomes the proper party defendant.

IDEM.—An action of ejectment may be brought against an officer of the armies of the United States who is in possession of the demanded premises for the purposes of a military camp or fortification under the direction of the Secretary of War or of the President of the United States.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

The plaintiff appealed.

The other facts are stated in the opinion.

*E. L. B. Brooks* and *Barnes & Bowie*, for Appellant.

The Court erred in directing a nonsuit. (*Osborn* v. *The Bank of the United States*, 9 Wheat. 738; *Dreux* v. *Kennedy*, 12 Rob. La. 502; *Wilcox* v. *Jackson*, 13 Pet. 498; *Wilcox* v. *Jackson*, 1 Scammon, Ill. 366 ; *Meigs* v. *McClung's Lessees*, 9 Cr. 11; *Gale* v. *Bealing*, Pea Patch case, Sen. Doc. Vol. 3, 1837–38, No. 140, p. 25.)

*Pixley & Harrison* and *L. D. Latimer*, for Respondent.

The defendant in ejectment must be he who possesses or occupies in his own right—who holds either as owner or ten-ant; he must have or claim some interest in the land. The parties or tenants in possession or occupation, only, can be made defendants. (Brown on Parties, 246; Adams on Eject.

512; 7 Term R. 327 ; 1 Chan. 574; 3 Seld. 201; 9 Cal. 268; 21 id. 609; 24 id. 192.)

The party or tenant in possession or occupation is he who, by himself, agent, or servant, holds or occupies, for a term, to his own use, benefit, and enjoyment, and so holds or occupies for that term, as against all the world. (2 Bouv. Law Dic. 258, 351, 573, 579; Burr Law Dic. tit. h. t.; Webster's Un. Dic. tit. Possession; 4 Barn. & Ald. 653; 8 Barb. 244; 1 Chitty R. 118 ; 2 Barn & Ald. 371 ; 11 Abb. Pr. R. 97 ; 28 Cal. 534; 36 id. 514; 20 id. 45.)

An officer of the United States army, in the temporary command of a military post, does not possess for any term, as against all the world. He may be removed in a moment, in a single flash of the telegraph wire, and without previous warning or apprisal. Neither does he possess for himself. He has not the use nor the enjoyment of the land occupied (in the non-legal sense) by his troops. The use is that of the Government, as is, also, the benefit and enjoyment. If it could be said that the commander uses and enjoys for himself, so also may it be said of each and all of his command, from the highest to the lowest. The possession or occupancy of the common soldier, as well as that of each subordinate officer, is not the possession or occupancy of the commander. A writ that would remove the latter and all holding under him could not affect a single member of his command. Their fortunes do not follow his ; and though he be removed or superseded, they remain unconcerned. The possession of the defendant is somewhat parallel to, though not so strong, as that of a steward during the temporary absence of his master. The steward, ordinarily, may employ and remove his subordinates, but a military commander can do neither. In this, the possession of the steward seems the greater, and nearer that of the principal. Yet who can doubt that the steward would be exempt from suit in ejectment for possession of his master's land? Indeed,

upon that question this Court has directly passed. (*Hawkins* v. *Reichart*, 28 Cal. 537; *Satterlee* v. *Bliss*, 36 id. 514; *Mitchell* v. *Davis*, 20 id. 45. See, also, doctrine of *respondet superior*.)


By the Court, WALLACE, C. J.:

This is an action brought to recover the possession of a tract of land in the City and County of San Francisco, called Yerba Buena, or Goat Island. To the complaint, which is in the usual form, and not verified, the defendant pleaded the general issue. He also set up as a defense that the premises sued for are "the soil and freehold of the United States of America, and by the said United States of America owned in fee simple, and possessed through themselves and their agents, and that the said defendant, S. M. Mansfield, is, and during all times in said amended complaint mentioned was, in the possession of the said premises, and holding the same as the duly authorized agent under the authority and laws of the said United States of America, and not otherwise."

In his opening to the jury, at the trial of the action, the counsel for the plaintiff stated that Colonel Mansfield, the defendant, was in the occupation of the demanded premises as an officer of the armies of the United States, occupying Goat Island for the purposes of a military camp or fortification, under the direction of the Secretary of War and the President of the United States. The Court below thereupon directed that a nonsuit be entered against the plaintiff, upon the ground that " Colonel Mansfield simply holds under United States authority." From the judgment of nonsuit thus rendered the plaintiff prosecutes this appeal.

The principal question to be determined concerns the nature of the occupancy of the defendant—whether or not he appears to be an occupant within the sense of the rule

authorizing and requiring actions for the recovery of lands to be brought against persons who withhold the possession from the plaintiff.

1. In general the action of ejectment in the Courts of this State can be maintained only against the party in possession of the premises; that is, against the person who withholds the possession from the plaintiffs. Such a person may not, indeed, be in the actual personal occupancy—he may not reside thereon, and may not have even personally entered thereon, and yet he may be in possession through the agency of mere servants and employés acting under his direction and control; and as such person in possession he may be properly made a defendant in an action to recover the possession.

2. In general, too, a mere servant or employé, claiming for himself no interest in the premises, nor any right to their possession, but acting under the control of another, and only in that manner occupying and being personally upon the premises, cannot be sued in an action of ejectment brought to recover them, for such facts and circumstances only go to show that the employer, and not the servant or employé, is the party in possession, and, of course, answerable in that action. "It will be readily seen that a mere servant or employé may, in one sense, have the occupation of the premises of which he has no control, and in which he claims no right; but his occupation is the occupation of his employer, within the meaning of that term, as employed when treating of the action of ejectment." (*Hawkins* v. *Reichert,* 28 Cal. 534.)

3. But the rule which thus exempts the mere servant or employé of another from an action, presupposes that the employer may be sued, and that the wrongs of which the plaintiff complains may be redressed by resort to an action against the employer, as being the real party committing the ouster. In a case, therefore, where the employer is for

any reason not amenable to an action, the rule referred to has no application, and the employer or servant becomes *ex necessitate,* the proper party defendant, since he is the only party who can be subjected to suit at all. Were this otherwise, it would result that open and admitted violation of private rights would find no redress in the Courts of the country. The Government of the United States, as such, cannot be sued as a party defendant in the Courts of the State; and unless its servants and employés may be properly held responsible for the lawless invasion of private property committed by them under the direction or command of the Government, the citizen is left wholly without the protection which it is the first aim and purpose of the municipal law to afford. In *Meigs et al.* v. *McClung's Lessee,* 9 Cranch R. 11, which was an action of ejectment, the defendants in error had, by the judgment of the Court below, recovered the premises from Meigs and others, who occupied them as officers and under the authority of the United States; who had soldiers there in garrison, and had expended some thirty thousand dollars in the erection of military works. The judgment was affirmed by the Supreme Court of the United States, the Court, per MARSHALL, C. J., saying: "The land is certainly the property of the plaintiff below, and the United States cannot have intended to deprive him of it by violence and without compensation." In *Jackson ex dem. McConnell* v. *Wilcox,* 1 Scammon R. 344, which was an action of ejectment for the recovery of premises upon which Fort Dearborn was situated, it appeared that the defendant, as an officer of the army, with soldiers under his command, occupied the premises sought to be recovered as a military post; and to an objection made that the action could not be maintained against a military officer of the Federal Government occupying in that character, the Supreme Court of Illinois said: "The defense is not tolerated for a moment; such an act was clearly military usurpation and illegal, and indefensible

'n every point of view in which it could be placed. This objection, then, is necessarily altogether untenable. We are not prepared yet to admit the maxim *inter arma leges silent.*"

The judgment which the plaintiff in that case had recovered was subsequently reversed upon error by the Supreme Court of the United States; but though upon the record and in the opinion delivered in the Supreme Court, it appeared that the premises were embraced in "the military post called Fort Dearborn, of which post, at the time of bringing the suit, Wilcox was in possession as the commanding officer of the United States," the controversy was not disposed of upon that ground, but judgment passed in favor of the defendant Wilcox, only upon the ground that the title of the United States, as made to appear in that action, was superior to the title relied upon by McConnell, the lessor of the plaintiff Jackson. Indeed, it will be found that in delivering the opinion of the Court in that case, Mr. Justice BARBOUR, in adverting to the nature and circumstances of the controversy, uses this language: "Wilcox, the defendant in the original suit, did not claim or pretend to set up any right or title in himself. He held possession as an officer of the United States, and for them and under their orders. This being the state of the case, the question which we are now examining, is really this: whether a person holding a Register's certificate, without a patent, can recover the land as against the United States." \* \* \* "This, then, being the case, and this suit having been in effect against the United States, to hold that the party could recover as against them, would be to hold that a party having an inchoate and imperfect title could recover against the one in whom resided the perfect title," etc. In the opinion delivered in that case, though frequent allusion is made to the character in in which the defendant occupied the premises, there is found

no intimation that the nature of his occupation, or the character of his possession afforded him any immunity against the action which McConnell brought; or precluded an adjudication of the merits of the title upon which he relied for recovery. See, also, *Dreux* v. *Kennedy*, 12 Rob. La. R. 502, in which the question is considered at length and with great ability and research; and *Osborn* v. *The Bank of the United States*, 9 Wheat. 738, in which the same principle is applied by Marshall, C. J., upon a bill brought by the bank against Osborn, as Auditor of the State of Ohio, in the Circuit Court of the United States, where the State itself could not be made a party defendant.

The principal case relied upon in opposition to these views, in fact the only one brought to our attention in which it is held that an action against an army officer in occupancy of premises cannot be maintained, is that of *People* v. *Ambrecht*, 11 Abbott Pr. R. 97. That was an action of ejectment brought by the State of New York against Ambrecht (who was an Ordnance Sergeant of the army of the United States), for the recovery of a strip of land lying adjacent to Fort Ontario. In the opinion in that case, the general rule already adverted to, that a mere servant of another has no such possession as will subject him to the action, is applied, and the qualification of the rule itself seems not to have been noticed. It is there held, too, that as the United States cannot be directly sued, so they cannot be indirectly sued in the persons of their agents or officers, by the owner of the estate, for its recovery, the converse of which had already been established, as we think, by the cases of *Meigs* v. *McClung's Lessee* and *Wilcox* v. *Jackson*, *supra*, to which may be added the recent case of *Grisar* v. *McDowell*, 6 Wallace, S. C. U. S. 363, when the defendant McDowell was in the occupation as an officer of the army of the United States, commanding the military department of California, and, as such officer, entered upon the possession of the

premises previous to the commencement of this action, and has ever since held them under the order of the Secretary of War, as part of the public property of the United States reserved for military purposes, " and in which judgment in favor of the defendant was rendered only upon the merits of the case and upon the ascertained superiority of the title of the United States (under the reservation made by President Fillmore and the decree of the Circuit Court of May, 1865) over that of the City of San Francisco, under whom the plaintiff claimed to recover in the action.

Judgment reversed and cause remanded for a new trial.