(No. 1951, December 7, 1917.)

## LOCKE v. TRUSTEES OF NEW MEXICO REFORM SCHOOL.

### SYLLABUS BY THE COURT.

1.  By section 5109, Code 1915, the Legislature created the New Mexico Reform School, and provided for the appointment of a board of trustees by the Governor, by and with the advice and consent of the senate, which said board of trustees was made a corporate body, and given the right to sue and be sued as such.   Held, that an action in ejectment against such board of trustees to recover real estate of which they were in possession was not a "suit against the state."

Appeal from District Court, Colfax County; T. D. Leib, Judge.

Ejectment by Seon Locke against the Trustees of New Mexico Reform School.   Demurrer to plea in abatement sustained, and judgment for plaintiff, and defendant appeals.   Affirmed.

Frank W. Clancy, of Santa Fe, and W. R. Holly of Springer, for appellant.

The trustees of the reform school being merely agency of the State this suit is one against the State, without its consent.

Regents v. Williams, 9 G. and J. 233; Board of Trustees v. Supervisors, 76 Ill. 187; Trustees v. Winston 5 Stew. and Port. 24-5; State v. R. R. Co., 51 Miss. 368; Regents v. Hart, 7 Minn. 48; Head v. Curators, 47 Mo. 244; State ex rel v. Knowles, 16 Fla. 616; R. R. Co. v. Baily, 3 Ore. 175; Tucker v. Pollock, 21 R. I. 317; Estate of Royer, 123 Cal. 414, 620 to 623; College v. Willis, 52

Pac. 922-3; McElroy v. Swart, 57 Mich. 500, 504-5; Sanders v. Saxton, 182 N. Y. 477; I. L. R. A.; N. S. 727; Smith v. Reeves, 178 U. S. 436, 438-9; Hopkins v. Clemson Agric. College, 57 S. F., 551; Traffic Co. v. Electric Co., 43 S. C. 154, 166-7-8; Board of Public Works v. Grant, 76 Va. 455, 464; Lowry v. Thompson, 25 S. C. 416, 419 to 428; Thomas v. University, 71 Ill., 311.

L. S. Wilson, of Raton, for appellee.

This is not a suit against the state.

Sec. 5109. Code 1915; United States vs. Lee, 106, U. S. 196; Tindall vs. Wesley, 167, U. S. 204; Stanley vs. Schwalby, 147, U. S. 508.

Institutions created by statute are liable to process of the courts and consent to sue them has been given.

36 Cyc. 919; Bank of H. v. W. K. Asylum 56 S. W. 525.

## OPINION OF THE COURT.

ROBERTS, J.   This was an action in ejectment instituted in the lower court by appellee against appellant to recover a lot in the village of Springer, Colfax county, N. M. The complaint was substantially in statutory form.

By section 5109, Code 1915, the trustees of the New Mexico Reform School were made a body corporate, with the right as such of suing and being sued; also certain other powers were conferred upon such corporate body. The trustees were to be appointed by the Governor of the state, with the advice and consent of the senate, and such corporate entity was created for the purpose of having the management and control of a reform school for boys.

To the appellee's complaint appellant filed what is called a plea in abatement in the record, which set up that the defendant is a corporation existing solely by virtue of the above statute; that on July 1, 1910, the territory of New Mexico purchased three lots from the owner thereof, one of which is the lot for which this action is brought, and that such lot was being used for the purpose of the reform school, it having upon it a small brick building,

which is being used for a schoolhouse. It is further alleged that the possession or the right of possession the defendant has is the right given it as a state institution and agency of the state of New Mexico, and therefore the defendant was alleged to be only a nominal defendant, and the state to be the real party in interest, and that the action was in effect against the state of New Mexico; wherefore the court was alleged to be without jurisdiction of the person of the appellant, or the subject of the action. The court sustained a demurrer to the plea in abatement, and, appellant declining to plead further, judgment was rendered for appellee.

The sole question involved in the case is whether or not the plea in abatement shows that the action was a suit against the state. Clearly it was not. The trustees of the New Mexico Reform School, which was a corporate entity, was, of course, an agency of the state, through which it was administering the reform school, but the right to sue this state agency had been conferred by statute. While this right may be a limited right, clearly it would exist in the present case because the act of retaining possession of this real estate was the corporate act of the agency thus created. Unless it were permissible to institute an action in ejectment in such a case as this, it would be possible for this and similar agencies created by the state for the management of various institutions to arbitrarily dispossess owners of their property and take possession thereof, and such owners would be without any redress whatever.

The action is in no sense against the state, and it is not bound by the judgment of the district court, but might litigate with appellee the question of its title to the premises in question. The action simply determines as between appellee and appellant the right of possession. While it is true appellant's right of possession is dependent upon title in the state assuming the plea in abatement to state the facts correctly, yet the adjudication of the question of the right of possession in this suit would not be binding upon the state should it elect to institute an action against appellee to quiet title to the premises.

Many cases have been decided in both federal and state courts which hold that a suit against an officer of the state or the United States government in cases similar to the present one are not suits against the state or the government within the prohibition of the Constitution. In most of the cases so decided the suit was against a single officer of the government, or the state, in possession of the property or doing the act sought to be prohibited. The present action necessarily was required to be against the corporate entity created by the state, which was in possession of the real estate. The trustees of the reform school as individuals were not possessed of the real estate, and, had they been sued in their individual capacities, could, and doubtless would have pleaded that they were not holding as individuals, but were retaining possession as the corporation mentioned.

In the case of King v. La Grange, 61 Cal. 221, it was held that ejectment would lie against an officer of the United States in possession of the demanded premises on behalf of the government.

In the case of Polack v. Mansfield, 44 Cal. 36, 13 Am. Rep. 151, it was held that an action in ejectment would lie against an officer of the United States in possession of the demanded premises for the purpose of a military camp or fortification under the direction of the Secretary of War or the President of the United States.

In Osborn v. Bank of United States, 9 Wheat. 738, 6 L. Ed. 204, in which Chief Justice Marshall delivered the opinion, it was said:

"It may, we think, be laid down as a rule, which admits of no exception, that in all cases where jurisdiction depends on the party, it is the party named in the record. * * * Where the right is in the plaintiff, and the possession (is) in the defendant, the injury cannot be stopped by the mere assertion of title in a sovereign."

In McConnell v. Wilcox, 1 Scam, (2 Ill.) 344, the Supreme Court of Illinois held that the defense that ejectment would not lie because the occupant of the demanded premises was an officer of the United States, and in pos-

session as such officer, and not otherwise, could "not be tolerated for a moment."

Osborn v. Bank of the United States, supra, is cited in Davis v. Gray, 16 Wall, 220 (21 L. Ed 447,) in which the court says that it was decided in the former case that:

"In deciding who are parties to the suit the court will not look beyond the record. Making a state officer a party does not make the state a party, although her law may have prompted his action, and the state may stand behind him as the real party in interest."

In the note to the case of De Garmo v. Praten, 28 Ann. Cas. 1913C, 346, 357, the author of the note says:

"It is generally held that, where federal or state officers are in possession of premises holding for the government, an action of ejectment may be maintained against them as individuals; otherwise, since the action cannot, without the consent of the state or federal government, be maintained against the latter, the landowner would be without remedy" —citing numerous cases in support of the proposition, among them being Lee v. United States, 106 U. S. 196, 16 Sup Ct. 240, 27 L. Ed. 171; Tindal v. Wesley, 167 U. S. 204, 17 Sup. Ct. 770, 42 L. Ed. 137.

A late case deciding the same proposition is Dr. John Hopkins v. Clemson Agricultural College of South Carolina, 221 U. S. 636, 31 Sup. Ct. 654, 55 L. Ed. 890, 35 L. R. A. (N. S.) 243.

For the reasons stated the judgment of the court below will be affirmed; and it is so ordered.

HANNA, C. J., concurs. PARKER, J., being absent, did not participate.

SYLLABUS BY THE COURT.