[No. 3024, Sept. 5, 1927]

BOARD OF TRUSTEES OF TOWN OF CASA COLORADO LAND GRANT v. POOLER, U. S. District

Forester, et al.

[259 Pac. 629]

SYLLABUS BY THE COURT

A complaint alleging that plaintiff owns lands, which defendants, in official capacities, have seized and are administering as national forest, and praying injunction, states a cause of action against individuals, and not one against the United States.

Appeal from District Court, Valencia County; Owen, Judge.

Suit by the Board of Trustees of the Town of Casa Colorado Land Grant against Frank C. W. Pooler, United States District Forester, and others, for an injunction. From a judgment of dismissal, plaintiff appeals. Reversed and remanded, with direction.

---

[1] 39Cyc p. 775 n. 19.

Reid, Hervey & Iden, of Albuquerque, for appellant.

John W. Wilson, of Albuquerque, for appellees.

OPINION OF THE COURT

WATSON, J.    Appellant, by its complaint alleged that it was the owner of certain described lands which had been patented to it by the United States in 1909; that appellees were, respectively, United States forester, forest supervisor of Manzano national forest, and forest ranger of said forest; and that appellees, "in their respective capacities hereinbefore stated, have entered into possession of the lands described * * * and are administering said lands as part of the Manzano national forest collecting income therefrom, and denying plaintiff (appellant) the use thereof, to the great damage of plaintiff.' Claiming irreparable injury, for which there was no adequate remedy at law, appellant prayed "that this court grant a writ of perpetual injunction commanding said Frank C. W. Pooler, United States district forester, K. C. Kartchner, forest supervisor Manzano national forest, and L. H. Laney, forest ranger, Manzano national forest, and all persons claiming to act under their authority, or the authority, direction, or control of either of them, to absolutely desist and refrain from entering upon or administering as part of the Manzano or other national forest, or collecting income from the lands described. * * * "

On the ground that, as it appeared upon the face of the complaint that the defendants were in possession of the lands only as agents of the United States, the suit was in reality one against the United States, and so one of which the court had no jurisdiction, appellees' demurrer was sustained. Final judgment was rendered dismissing the complaint. The appeal raises the single question of the  correctness of the ruling on the demurrer.

Appellant, of course, does not contend that the United States can be sued unless it has, either by general enactment or by voluntary appearance, submitted itself to the jurisdiction. Its position is that the complaint

does not state a cause of action against the United States, nor one to which the United States is an indispensable party, and that the judgment prayed for would not bind nor conclude the United States should it see fit thereafter in any manner to litigate its rights or title with appellant.

The demurrer admits that the title to the lands in question is in the plaintiff. The demurrer also admits a trespass, which, as private individuals, appellees could not defend. It is, of course, not contended that the United States by any of its agencies, even by Congress itself, could constitutionally authorize the taking of private lands to be administered as national forests, without making compensation therefor. But it is contended that although such wrong be admitted, there is no remedy in the courts because of the immunity of the United States from suit.

Whether a suit nominally against individuals is really against the state is not always easy to decide. The question has given the courts much trouble, and in some situations its consideration has disclosed contrariety of opinion. See case notes 108 Am. St. Rep. 830 and 44 L. R. A. (N. S.) 189. Fortunately the principles controlling in the case at bar seem to be well established. This court has dealt with the question on at least three occasions: Locke v. Board of Trustees, 23 N. M. 487, 169 P. 304; State ex rel. v. Field, 27 N. M. 384, 201 P. 1059; American Trust & Savings Bank v. Scobee, 29 N. M. 436, 224 P. 788. If appellees, in seizing the land in question, had acted as agents of this state, it may be that the decision would be ruled by Locke v. Board of Trustees, supra. Whether this is a suit against the United States involves the same principles. Yet it is, no doubt, a federal question, concerning which the decisions of the United States Supreme Court are controlling.

The leading case is United States v. Lee, 106 U. S. 196, 1 S. Ct. 240, 27 L. Ed. 171. It was a suit to recover possession from individual officers actually in charge of land in Virginia occupied by the government as a

national cemetery and for military purposes; the government's title and right of possession resting upon a tax sale which the court found to be void. The principle or import of that decision is well stated by Mr. Justice Harlan in his dissenting opinion in Cunningham v. Macon & B. R. Co., 109 U. S. 446, 3 S. Ct. 292,609, 27 L. Ed. 992, where he said:

"Upon examination of the doctrine that, except where Congress has provided, the United States cannot be sued, we held that it had no application to officers and agents of the United States, who, holding possession of property for public uses, are sued therefor by a person claiming to be the owner thereof or entitled thereto; but the lawfulness of that possession and the right or title of the United States to the property may, by a court of competent jurisdiction, be the subject-matter of the inquiry, and adjudged accordingly."

Appellees comment on the fact that a different conclusion was reached only a year later in Cunningham v. Macon & B. R. Co., supra—both opinions having been delivered by Mr. Justice Miller. That very fact is enough to suggest that there must have been a distinction in principle. That distinction is not hard to find, and we think that the case at bar is clearly in a class with the Lee Case rather than with the Cunningham Case. In the latter case it was remarked that the questions raised when the contention is that a suit is one against the state "have rarely been free from difficulty, and the judges of this court have not always been able to agree in regard to them;" and it was said that it is not "an easy matter to reconcile all the decisions of the court in this class of cases." Classifying the decisions, it was said:

"Another class of cases is where an individual is sued in tort for some act injurious to another in regard to person or property, to which his defense is that he has acted under the orders of the government.

"In these cases he is not sued as, or because he is, the officer of the government, but as an individual, and the court is not ousted of jurisdiction because he asserts authority as such officer. To make out his defense he must show that his authority was sufficient in law to protect him."

To this class, as Mr. Justice Miller said, United States v. Lee, supra, belongs—not that it was an action in tort, but because it was "in its essential character, an action of trespass, with the power in the court to restore the possession to· the plaintiff as part of the judgment." He then said, still speaking of the United States v. Lee:

"* * * * The defendants, Strong and Kauffman, being sued individually as trespassers, set up their authority as officers of the United States, which this court has held to be unlawful, and, therefore, insufficient as a defense. The judgment in that case did not conclude the United States, as the opinion carefully stated, but held the officers liable as unauthorized trespassers, and turned them out of their unlawful possession."

In Poindexter v. Greenhow, 114 U. S. 270, 5 S. Ct. 903, 962, 29 L. Ed. 185, an action of detinue was held to lie against a Virginia tax collector who had seized plaintiff's office desk to satisfy a tax; his defense being a law of Virginia which the court held to impair the state's contract with the plaintiff. Such a case was held to be within the· principle of United States v. Lee, supra. Mr. Justice Matthews, who delivered the opinion, said:

"The ratio decidendi in this class of cases is very plain. A defendant sued as a wrongdoer, who seeks to substitute the state in his place, or to justify by the authority of the state, or to defend on the ground that the state has adopted his act and exonerated him, cannot rest on the bare assertion of his defense. He is bound to establish it."

Pennoyer v. McConnaughy, 140 U. S. 1, 11 S. Ct. 699, 35 L. Ed. 363, is an instructive case. There the Governor and other state officers of Oregon, comprising the board of land commissioners, were enjoined from selling state lands for which the plaintiff had a contract of purchase, which the board, acting under unconstitutional legislation, had assumed to cancel. Mr. Justice Lamar, classifying the cases, said:

"The other class is where a suit is brought against defendants who, claiming to act as officers of the state, and under the color of an unconstitutional statute, commit acts of wrong and injury to the rights and property of the plaintiff acquired under a contract with the state. Such suit, whether brought to recover money or property in the hands of such defendants, unlawfully taken by them in be-

half of the state, or for compensation in damages, or, in a proper case where the remedy at law is inadequate, for an injunction to prevent such wrong and injury, or for a mandamus, in a like case, to enforce upon the defendant the performance of a plain, legal duty, purely ministerial, is not within the meaning of the Eleventh Amendment, an action against the state."

There the court applied the principle of the Lee case, that the mere assertion of an authority delegated by a state is not sufficient defense. Justification must be found in a valid authority.

Tindal v. Wesley, 167 U. S. 204, 17 S. Ct. 770, 42 L. Ed. 137, is quite in point and strongly sustains the principles of United States v. Lee. There Mr. Justice Harlan, speaking for a unanimous court, said:

"So that the question is directly presented, whether an action brought against individuals to recover the possession of land of which they have actual possession and control, is to be deemed an action against the state within the meaning of the Constitution, simply because those individuals claim to be in rightful possession as officers or agents of the state, and assert title and right of' possession in the state. Can the court, in such an action, decline to inquire whether the plaintiff is, in law, entitled to possession, and whether the individual defendants have any right, in law, to withhold possession? And if the court finds, upon due inquiry, that the plaintiff is entitled to possession, and that the assertion by the defendants of right of possession and title in the state is without legal foundation, may it not, as between the plaintiff and the defendants, adjudge that the plaintiff recover possession?"

The first of the questions stated was answered in the negative and the other in the affirmative, upon a review of the decisions and in reliance upon United States v. Lee, considered the leading case.

In Fitts v. McGhee, 172 U. S. 516, 19 S. Ct. 269, 43 L. Ed. 535, the opinion being again by Mr. Justice Harlan, it was decided that the suit was one against the state, but the principles of United States v. Lee and Tindal v. Wesley, supra, were given full approval.

A later pronouncement in point is Scranton v. Wheeler, 179 U. S. 141, 21 S. Ct. 48, 45 L. Ed. 126—another opinion by Mr. Justice Harlan. There a suit to recover damages was instituted by the owner of property who,

by government works in the St. Mary's river, had been cut off from his access to navigable waters. The suit was against the superintendent of the works. There it was said:

" * * * The suit was not to be deemed one against the United States because in the consideration of that question [whether the defendant could have any authority in law to do what he had done] it would become necessary to ascertain whether the defendant could constitutionally acquire from the United States authority to obstruct the plaintiff's access to navigable water in front of his land without making or securing compensation to him. The issue, in point of law, was between the individual plaintiff and the individual defendant, and the United States not being a party of record a judgment against Wheeler will not prevent it from instituting a suit for the direct determination of its rights as against the plaintiff."

In Hopkins v. Clemson Agricultural College, 221 U. S. 636, 31 S. Ct. 654, 55 L. Ed. 890, 35 L. R. A. (N. S.) 243, Mr. Justice Lamar thus stated the question:

" * * * Whether a public corporation can avail itself of the state's immunity from suit, in a proceeding against it for so managing the land of the state as to damage or take private property without due process of law."

Speaking to the subject generally, it was said:

"The many claims of immunity from suit have therefore been uniformly denied, where the action was brought for injuries done or threatened by public officers. If they were indeed agents, acting for the state, they—though not exempt from suit—could successfully defend by exhibiting the valid power of attorney or lawful authority under which they acted. Cunningham v. Macon & B. R. Co., 109 U. S. 446, 452, 3 S. Ct. 292, 609, 27 L. Ed. 992, 994. But if it appeared that they proceeded under an unconstitutional statute, their justification failed, and their claim of immunity disappeared on the production of the void statute. Besides, neither a state nor an individual can confer upon an agent authority to commit a tort, so as to excuse the perpetrator. In such cases the law of agency has no application—the wrongdoer is treated as a principal, and individually liable for the damages inflicted, and subject to injunction against the commission of acts causing irreparable injury."

Philadelphia Co. v. Stimpson, 223 U. S. 605, 32 S. Ct. 340, 56 L. Ed. 570, was a suit against the Secretary of War to set aside certain harbor lines so far as they en-

croached upon lands owned by the complainant, and to restrain the secretary from instituting criminal prosecution because of the reclamation and occupation by complainant of its lands outside the prescribed limits. Mr. Justice Hughes, delivering the opinion, said:

'If the conduct of the defendant constitutes an unwarrantable interference with property of the complainant, its resort to equity for protection is not to be defeated upon the ground that the suit is one against the United States. The exemption of the United 'States from suit does not protect its officers from personal liability to persons whose rights of property they have wrongfully invaded [citations]. And in case of an injury threatened by his illegal actions, the officer cannot claim immunity from injunction process. The principle has frequently been applied with respect to state officers seeking to enforce unconstitutional enactments [citations]. And it is equally applicable to a federal officer acting in excess of his authority or under an authority not validly conferred [citations].

"The complainant did not ask the court to interfere with the official discretion of the Secretary of War, but challenged his authority to do the things of which the complaint was made. The suit rests upon the charge of abuse of power, and its merits must be determined accordingly; it is not a suit against the United States."

In Lane v. Watts, 234 U. S. 525, 34 S. Ct. 965, 58 L. Ed. 1440, the suit was to enjoin the Secretary of the Interior and the Commissioner of the General Land Office from proceeding in the matter of attempted entries, under the public land laws, upon lands which complainant claimed to own. The court passed upon the conflicting claims of title of the complainant and of the United States, deciding that title was in complainant. The opinion (by Mr. Justice McKenna) then proceeds:

"The suit is one to restrain the appellants from an illegal act under color of their office which will cast a cloud upon the title of appellees.

"This disposes of the contentions of appellants that this is a suit against the United States, or one for recovery of land merely, or that there is a defect of parties, or that the suit is an attempted direct appeal from the decision of the Interior Department, or a trial of a title to land not situated within the jurisdiction of the court 'wherein an essential party is not present in the forum and is not even suable—the United States.' "

The foregoing cases satisfy us that the case at bar is not a suit against the United States. Decisions in the state courts are numerous, but it seems unnecessary to notice them. We merely cite Prall v. Burckhartt, 299 Ill. 19, 132 N. E. 280, 18 L. R. A. 992, which is recent and directly in point. We mention also that this court, in American Trust & Savings Bank v. Scobee, supra, though holding the suit to be one against the state, fully recognized the principle which appellant here invokes. The Chief Justice, writing the opinion, said:

"It is true that a person having title to real estate or personal property may maintain an action against any person claiming to have rights therein under the authority of the state and may maintain an action against such person notwithstanding the rights of the state may be indirectly involved. Of this class of cases, Tindal v. Wesley, 167 U. S. 204, 17 S. Ct. 770, 42 L. Ed. 137, and United States v. Lee, 106 U. S. 196, 1 S. Ct. 240, 27 L. Ed. 171, are examples."

We need not review here the many decisions cited by appellees. We find none of them in conflict with the foregoing, and none to support the ruling of the trial court.

The general result is that where state or United States agents are sued for recovery of, damages to, or to restrain injury to, property, the suit is not one against the state or the United States unless such agents can establish a valid title or authority under which they act. This is the rule where defendants assert, but fail to establish, the title or authority. It must be the rule where, as here, they admit that no such title exists, so that their claimed authority is necessarily void. To justify, they must answer the complaint and assert and establish title in the United States.

Appellees urge that in this case they did not assert the official capacity in which they acted, but that this fact is introduced by the complaint. They contend, therefore, that the fact that they are mere agents of the government is admitted. So it is. But that fact, as we have found, is of no consequence unless connected with a right of the government to direct them to do the

act complained of. Such a right is excluded by the allegation and admission that the lands entered by appellees are appellant's private property. It cannot matter whether their agency—by itself an immaterial matter—is admitted by complaint or asserted by answer. The cases make no such distinction, and we perceive none.

It seems, therefore, that the trial court erred. The judgment must be reversed and the cause remanded, with direction to overrule the demurrer, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.