28 P.(2d) 519

BOARD OF TRUSTEES OF TOWN OF CASA COLORADO LAND GRANT v. POOLER,

U. S. Dist. Forester, et al.

No. 3816.

Supreme Court of New Mexico.

Nov. 13, 1933.

Hugh B. Woodward, Dudley Cornell, and E. S. French, all of Albuquerque, for appellants.

Reid & Iden, of Albuquerque, for appellee.

WATSON, Chief Justice.

The board of trustees of the town of Casa Colorado Land Grant sued to enjoin Pooler as United States district forester, Karchner as forest supervisor of the Manzano National Forest, and Laney as forest ranger of that forest, from entering upon or administering as a part of the Manzano or other national forest, lands thus described in the complaint:

" * * * Beginning at the northeast corner of the Casa Colorado Grant as established by the General Land Office resurvey of 1920 and 1921, and running thence east 60.84 chains to the northeast corner of Lot 37 of Township 4 north, Range 5 east, N.M.P.M., named in patent; thence south 700.08 chains to intersection of the east line of Lot 37 of Township 3 north, Range 5 east, N.M.P.M., named in patent, with the south line of Section 29 of said township; thence west 32.50 chains to the southwest corner of said Section 29; thence north 80 chains to the northwest corner of said Section 29; thence west 79.32 chains to the intersection of the south line of Section 30 of said township with the east boundary of the Casa Colorado Grant as established by the General Land Office resurvey of 1920 and 1921; thence north 4 degrees 42 minutes east along said boundary 622.17 chains to the place of beginning, containing 5,613.15 acres."

On a former appeal we reversed a final judgment dismissing the complaint, holding that the trial court erred in sustaining a demurrer to it on the ground that it was a suit against the United States. Board of Trustees v. Pooler et al., 32 N. M. 460, 259 P. 629.

The cause having been reinstated on the docket of the district court, the defendants answered, and the cause was tried. The trial court made findings upon which judgment was rendered for plaintiff, awarding perpetual injunction as prayed. Defendants Pooler and Laney have appealed.

The Casa Colorado grant was confirmed by Act of Congress of December 22, 1858 (11 Stat. 374). It was surveyed in 1877. Patent issued in 1909, describing the land as follows:

" * * * The Lots thirty-eight in Township two north of Ranges one, two, three and four east, the Lot thirty seven in township two north of Range five east, the Lots thirty eight in Township three north of Ranges one, two, three and four east, the Lot thirty-seven in Township three north of Range five east, the Lots thirty-nine in Township four north of Ranges two, three and four east; and the

Lot thirty-seven in Township four north of Range five east of the New Mexico Meridian New Mexico, more particularly described as follows; to-wit: Beginning at the northwest corner, a point on the left bank of the Rio Grande River sixty chains fifty-four links west of the southwest corner of the Survey of the Town of Tome, grantnumber two; thence meandering along the left bank of the river to the southwest corner; thence east nineteen miles to the southeast corner; thence north eleven miles, seven chains, sixty-eight links to the northeast corner, thence west seventeen miles, twenty-three chains, fifty-six links to the northwest corner, the place of beginning, containing one hundred thirty-one thousand seven hundred seventy-nine and thirty-seven hundreths acres."

In 1920, the government had a resurvey, according to which the eastern boundary of the grant lies considerably west of its location on the official plat made up from the original survey.

■ As indicated by the complaint, the lands in dispute are outside the resurvey, but claimed to be within the original, on which the patent was based.

The case resolves itself into a dispute as to the location of the southeast corner of the grant. According to the patent, that corner should be 19 miles due east of the southwest corner, a point on the left bank of the Rio Grande. There it is according to the official plat, and there appellee contends it must be deemed to be. But, by reference to the field notes of the original survey, and monuments therein described, appellants locate it considerably west of the 19-mile point.

Counsel agree on the rule governing the case. If the patent description is unambiguous, and by its sole aid a surveyor can identify the land, the field notes of the survey are not competent evidence by which to vary it.

They seem to agree even further—appellee that it cannot win unless it can exclude the field notes; appellants that they cannot win if they be excluded.

■ No reliance is placed by appellee on the first part of the description, by lots, and it practically disclaims any force thereto; those subdivisions being apparently unofficial. So we are brought to the question whether the second description in the patent, by metes and bounds, is of the character agreed on as necessary to exclude reference to the field notes.

On this point the decision was against appellants. The court found:

"IV. The Court finds that the Patent, conveying such land to the grantees therein, has two descriptions, neither of which descriptions is ambiguous, and that said Patent describes the grant lands as contended for by the plaintiff.

"V. The Court further finds that a surveyor or layman of ordinary intelligence could take such Patent and go upon the ground and locate the land, or tract granted in such patent.

"VIII. The Court further finds that the left bank of the Rio Grande at the date of the Patent, to-wit: July 26, 1909, is a permanent boundary and there is no evidence in this case, that it has changed since that date.

"IX. The Court further finds that the north and south boundary lines of said Grant are parallel, and that they are exactly 11 miles, 7 chains and 68 links apart, and that by measuring that distance from the southwest corner of the Tome Grant, south, one would reach a point on the south boundary of the Casa Colorado Grant; going thence west to the left or east bank of the Rio Grande, one would reach the southwest corner of the Casa Colorado Grant, that the southeast corner of the Casa Colorado Grant, is exactly 19 miles due east from the southwest corner of the Grant, and the northeast corner of the Casa Colorado Grant, is exactly 11 miles, 7 chains and 68 links north of the southeast corner of the Casa Colorado Grant, and that the point of beginning of said survey or the northwest corner of the Casa Colorado Grant, is due west of the northeast corner of the Casa Colorado Grant, and upon the left bank of the Rio Grande."

Appellants contend that the court erred in refusing to hold, with them, that the patent is ambiguous, and that it is impossible therefrom to identify the land.

At first blush, finding IX is persuasive. It involves two assumptions, however—that the southwest corner of the Tome survey may be found, and that the southwest corner of the Casa Colorado grant is determinable from it.

Counsel for appellee, in argument here, avoid the first assumption. They proceed south from any point on the south boundary of the Tome survey. That is merely to substitute another assumption; that this south boundary is an east and west line.

Facts are required, extrinsic the patent, to locate either the southwest corner or the southern boundary of the Tome survey. This we understand to have been admitted by appellee's witness Ross, an engineer who testified generally to the unambiguity of the description and the possibility of locating the land by means of it.

The best evidence of these essential facts is the Tome plat. Being produced, it discloses ambiguity. It shows the southwest corner of that grant as located on the left bank of the Rio Grande. The patent puts the northwest corner of the Casa Colorado grant also on the left bank, but 64.54 chains west of the Tome corner. This point of beginning cannot be in two places more than three-fourths of a mile apart.

It will not do to disregard this point of beginning. The southeast corner, here sought, has two ties. It is not only 19 miles east of the southwest corner; it is also due south of a point 17 miles, 23.56 chains east of the point of beginning.

The assumption that the southwest corner is determinable from either the northwest corner or the southern boundary is also false. The patent description, omitting the courses and distances of the meander, does not tie the southwest and northwest corners directly. To locate the former, courses and distances must be reversed. One must go east from the point of beginning; thence south to the southeast corner; thence west to the Rio Grande; and then close by meandering the river's left bank. The one point last to be determined, according to description, is made the point of departure by appellee's method.

It is the theory of finding VIII, and here urged, that the river bank, as it existed in 1909, is to be taken as the western boundary of the grant, and that it will be presumed not to have changed; there being no evidence to the contrary.

■ It is well known that rivers do change their banks; particularly such streams as the Rio Grande. A presumption against change would be contrary to common knowledge. If indulged in this case, as matter. of law, it would result, as matter of fact, in making the eastern boundary a variable. Any erosion would upset the description. Except for the remote possibility of equal wash at the two western corners, the eastern boundary would soon cease to be a north and south line.

In a sense the river may be a permanent boundary. But not in the sense that a point on the eastern boundary may be located by measuring from it. In fact, a description tied merely to a bank of the Rio Grande is necessarily ambiguous.

■ The field notes readily resolve these ambiguities.

The surveyor had northern and southern objectives; the Tome grant on the north, and the old settlement of Las Nutrias on the south. He proceeded logically from northwest corner to southwest corner. The official who prepared the description, however, failed to preserve any means of locating the southwest corner except by way of the southeast corner.

What this official took for "the southwest corner· of the Survey of the Town of Tome" was, according to the field notes, "a corner on the south boundary of the Tome Grant Survey." It was "the initial point" of the survey, and stood 62.50 chains east of the left bank of the river, the true southwest corner. Finding that "initial point," the surveyor ran due west 61.54 chains, where he encountered the left bank of the river. Evidently, as he says, the wash of seventeen years accounts for the difference of .96 of a chain. One chain east of this he set a monument and marked it as the northwest and beginning corner of the Casa Colorado grant; "the true corner being 1 chain west at the river's edge."

The true point of beginning and northwest corner are therefore one chain west of a monument set; the latter being 59.54 chains west of a monument on the southern boundary of the Tome survey, taken as its initial point, but 62.50 chains east of its true southwest corner.

We are constrained to hold that the trial court's method of locating the southeast corner is erroneous, that the patent is ambiguous and that the land cannot be identified without aid from the field notes. So, by counsel's admission, the injunction cannot be sustained.

The judgment will be reversed, and the cause will be remanded, with a direction to dismiss the complaint. It is so ordered.

SADLER, BICKLEY, and ZINN, JJ., concur.

HUDSPETH, J., deeming himself disqualified, did not participate.