320 P.2d 1025

Hugh Laurence McWHORTER, Plaintiff-
Appellee,

v.

BOARD OF EDUCATION OF TATUM IN-
DEPENDENT SCHOOL DISTRICT NO.
28, LEA COUNTY, New Mexico, Defend-
ant-Appellant.

No. 6232.

Supreme Court of New Mexico.

Jan. 23, 1958.

Heidel & Swarthout, Lovington, for ap-
pellant.

Hammel Carrell, Lovington, for appel-
lee.

KIKER, Justice.

The essential facts were stipulated to be
as follows, to wit:

The defendant is an independent school
district in Lea County, New Mexico, duly
organized as such under and pursuant to
the laws of the State of New Mexico. The
school district comprises approximately the
northern one-fourth of Lea County and in-
cludes the Town of Tatum.

422

Plaintiff, a man about seventy years old, was employed by the defendant as a janitor in the work of repair and maintenance of school buildings and school grounds at a monthly salary of $260. While standing on a ladder some twelve or fifteen feet above the floor of the defendant's gymnasium replacing window panes broken by a recent hail storm, the plaintiff fell from the ladder, landed on his feet and broke bones in both feet. The injury occurred on June 1, 1955, and the plaintiff has performed no work for the defendant since that time.

The defendant did not have workmen's compensation insurance covering this employee and it was conclusively presumed by the trial court that the defendant had accepted the provisions of the Act. The school district continued to pay the plaintiff his salary for eleven months after the accident in the total sum of $2,860. The plaintiff had worked for the defendant approximately ten years, and after ten years of service plaintiff would have been eligible in the event of disability for benefits for the duration of his life under the State Educational Disability Pension Program. The defendant continued paying plaintiff his salary monthly in order to allow time in which to arrange for and obtain for plaintiff said disability retirement benefits. The defendant contemplated that the payment of salary until the pension commenced and thereafter the pension for life would be full and complete settlement of plaintiff's claim. Plaintiff waited approximately eleven months for the pension arrangements to be made, and these arrangements not being completed prior to the expiration of one year after date of the injury, plaintiff brought suit under the Workmen's Compensation Act, N.M.S.A.1953, § 59–10–1 et seq.

Trial was had and judgment entered allowing plaintiff compensation at the rate of $30 per week beginning June 1, 1955, and continuing thereafter during the period of his disability not exceeding 550 weeks, and unpaid medical bills in the sum of $589.65, and attorney's fees of $2,000; giving defendant credit, however, for the sum of $2,860 on account of the wages paid to the plaintiff following the accident but for which no services were rendered.

The defendant appealed contending that the court erred in denying the defense that the defendant at all times was a political subdivision of the State of New Mexico and an agency of the State, was exercising governmental functions and powers, had not consented to be sued nor waived its immunity, and was not legally liable, and that by reason thereof the court did not have jurisdiction to enter judgment for the plaintiff against the defendant.

The plaintiff on cross-appeal contends that the court erred in giving the defendant credit for the sum of $2,860 salary paid to the plaintiff subsequent to the injury.

Appellee admits that a suit may not be brought against a state institution under the Workmen's Compensation Act without the express consent of the State. Day v. Penitentiary of New Mexico, 58 N.M. 391, 271 P.2d 831; Garcia v. New Mexico State Highway Department, 61 N.M. 156, 296 P. 2d 759; Hathaway v. New Mexico State Police, 57 N.M. 747, 263 P.2d 690; Vigil v. Penitentiary of New Mexico, 52 N.M. 224, 195 P.2d 1014; Zamora v. Regents of the University of New Mexico, 60 N.M. 41, 287 P.2d 237.

Appellee then contends that a school district is not such an institution or agency of the State, being rather a municipal corporation and as such not being immune from suit without the state's consent. To support this contention appellee relies in part on the cases of Water Supply Co. of Albuquerque v. City of Albuquerque, New Mexico, 9 N.M. 441, 54 P. 969, and Board of Education of Town of Eddy v. Bitting, 9 N.M. 588, 58 P. 395. Both of these cases hold a school district to be a municipal corporation for school purposes. However, the strength of such a holding is somewhat limited when the court said in the Water Supply Company case, 9 N.M. at page 450, 54 P. at page 972:

"'A school district is a governmental auxiliary of the state, and the state incorporates it that it may more effectually discharge its appointed duties; they are termed involuntary political subdivisions of the state or territory, created by the general laws to aid in the administration of government in carrying out the universal public-school system. * * *' 1 Dillon, Secs. 19, 20, 21, 22 and 23."

Under such a definition, a school district is a part of the state government incorporated for convenience only and not intended for a separate existence.

Appellee next relies upon § 11–6–20, N.M.S.A.1953, which states:

"The term municipal corporation shall, for the purposes of this act, be construed to mean county, incorporated city, incorporated town, incorporated village or school district."

The inclusion of school districts in the definition of the term is, by the wording of the section limited to the purposes of the act, said purposes having to do with the issuance and sale of bonds of political subdivisions. Being so limited, it is not a general legislative declaration and of no value in the present case.

Under § 14–17–11, N.M.S.A.1953, municipal corporations are held solely liable for the torts of such corporations. In Brown v. Village of Deming, 56 N.M. 302, 243 P.2d 609, 617, the court treated § 14–1611, N.M.S.A.1941, which is identical to § 14–17–11, N.M.S.A.1953, and said:

"The statute does not undertake to change the common-law rule, except

in those cases where the specific tortious act was done under direction of the city, or by its authority."

See, also, Roswell Drainage District v. Parker, 10 Cir., 53 F.2d 793. The language is sufficiently clear to show that in only a limited class of cases can a municipal corporation of any sort be sued without consent.

In several cases the court has held that an action instituted against a corporation created to handle an institution of the state is not a suit against the state itself. Locke v. Trustees of New Mexico Reform School, 23 N.M. 487, 169 P. 304; State v. Locke, 29 N.M. 148, 219 P. 790, 30 A.L.R. 407; Dougherty v. Vidal, 37 N.M. 256, 21 P.2d 90.

In Vigil v. Penitentiary of New Mexico, 52 N.M. 224, 195 P.2d 1014, the court discussed these cases and pointed out that they do not open the door to suits in general, whether contract or tort. Rather, those cases held that an instrumentality of the state which was authorized by statute to sue and be sued, could be proceeded against in suit on only those matters within the corporate powers of such an instrumentality. Appellee has not shown that the school district is a municipal corporation for the purposes of a suit, nor has he shown that such a suit is a matter within the corporate powers of the school district.

■ Appellee contends that the wording of the Workmen's Compensation Act itself makes a school district subject to suit thereunder without the consent of the state as a prerequisite. School districts are included in the enumerated employers subject to the provisions of the Act as found in § 59–10–2, N.M.S.A.1953 and § 59–10–12(h), N.M.S.A. 1953. However, the state itself is included in that listing. It is surely not the purpose of the Act to permit suit against the state without consent having been first obtained. There is likewise no basis to assume that the school district can be sued without consent on the strength of its inclusion in the statute.

While we agree that a school district is subject to the provisions of the act, the appellee has cited no authority, and this court can find none, to support his contention that such a suit can be brought without the consent of the state.

Appellee calls attention to the case of Scofield v. Lordsburg Municipal School District, 53 N.M. 249, 205 P.2d 834, wherein the court affirmed the lower court's award of compensation to an employee of a school district who was injured while performing extrahazardous work. The question of consent to the suit was not raised and therefore not treated by the court. Silence on a point not raised in that case is of no aid to the appellee here.

■ We feel the school district is a political subdivision of the state created to aid in the administration of education, and

subject, in this case, to the immunities available to the state itself. The California court has well stated the position occupied by the school district when it said, in Ridge v. Boulder Creek, etc., School District, 60 Cal.App.2d 453, 140 P.2d 990, 995:

"A school district is a political subdivision of the state created for state purposes subject to the same privileges and immunities in regard to suit as the state. Skelly v. Westminster School District, 103 Cal. 652, 658, 37 P. 643."

Appellee has submitted a list of cases covering 26 states, all of which generally hold that the liability of an employer to an employee under Workmen's Compensation is liability arising out of contract between them, and the terms of the statute are embodied into such contract and that the right to compensation is part of the workman's payment for his labor. Be that as it may, we have said in Dougherty v. Vidal, supra, that suit can be brought against a state agency when it has been given corporate powers enabling it to contract, take title and be sued in its own name. Absent such powers, permission of the state must precede such suit.

Having determined that the suit could not have been brought against the defendant below, it becomes unnecessary to discuss the cross-appeal wherein the plaintiff below contends that the court erred in giving the defendant credit against the award for the sum of $2,860 salary paid to the plaintiff subsequent to the injury.

Since the court below had no jurisdiction to entertain the suit, the judgment should be reversed and the award set aside.

It is so ordered.

LUJAN, C. J., and McGHEE and COMPTON, JJ., concur.

SADLER, J., not participating.