# Collins v. Commonwealth, Appellant.

*Constitutional law—State not liable for torts of officers—Act of May 31, 1911, P. L. 468—Suit against State—Special legislation—Act of May 10, 1917, P. L. 159—Constitution, Art. I, Secs. 11 and 26; Art. III, Sec. 7.*

1. The State is not liable for the torts of its officers and employees in the absence of a statute providing that it shall be.

2. The Act of May 31, 1911, P. L. 468, does not make the State liable for the negligence of its officers and employees in the matter of the construction, reconstruction, maintenance and repairs of the highways taken over in accordance with the provisions of that act.

3. The State being sovereign cannot be sued without her consent.

4. The Constitution of the State having provided that her consent may be given by statute, the constitutional restrictions upon the subject of legislation must be observed in the passage of the consenting statute.

5. Art. I, Sec. 26, of the Constitution renders inviolate the preceding sections of that article in so far as they express the inalienable rights of the people, but does not give to the legislature the right to pass enabling acts under section 11 thereof, save in the manner and subject to the limitations and restrictions imposed upon legislative action.

6. A special act of assembly creating a liability against the State where none existed before, and authorizing suit to recover for the liability thus created, is unconstitutional. For such a double purpose a general statute is required.

7. The Act of May 10, 1917, P. L. 159, authorizing plaintiff to sue the State, is unconstitutional so far as relates to the liability attempted thereby to be imposed on the State.

Argued Oct. 10, 1918. Appeal, No. 165, Oct. T., 1918, by defendant, from judgment of C. P. Somerset Co., Sept. T., 1917, No. 252, on verdict for plaintiff in case of Ida Collins v. Commonwealth. Before STEWART, MOSCHZISKER, FRAZER, SIMPSON and FOX, JJ. Reversed.

Trespass to recover damages for death of plaintiff's husband. Before BAILEY, P. J.

The case turned upon the constitutionality of the Act of May 10, 1917, P. L. 159.

Verdict and judgment for plaintiff for $3,500. Defendant appealed.

*Error assigned* was in overruling defendant's motion for judgment n. o. v.

*William H. Keller* and *Charles H. Ealy,* with them *Francis Shunk Brown* and *Charles F. Uhl, Jr.,* for appellant.—The act of assembly which authorizes the institution of a suit does not waive the nonliability of the State for the torts of its agents and employees: Riddoch v. State of Washington, 68 Wash. 329; Clodfelter v. State of North Carolina, 86 N. C. 51; Gibbons v. U. S., 75 U. S. 269, 19 L. Ed. 453; Hæhnlen v. Commonwealth, 13 Pa. 617; Easton Bank v. Commonwealth, 10 Pa. 442;

Black v Rempublicam, 1 Yeates 140; Murdock Parlor Grate Co. v. Com., 152 Mass. 28; Miller v. Pillsbury, 164 Cal. 199.

The act authorizing this suit is unconstitutional: Union Pass. Ry. Co.'s App., 81½ Pa. 91; Bennett v. Sullivan Co., 29 Pa. Superior Ct. 120; Dorsey et al.'s App., 72 Pa. 192; Com. v. Hazen, 207 Pa. 52; In re Phœnixville Road, 109 Pa. 44.

*J. A. Berkey,* for appellee.—The Act of May 10, 1917, P. L. 159, authorizing this action is constitutional: Turnpike v. Com., 2 Watts 433; Biddle v Starr, 9 Pa. 461; Lycoming County v. Union, 15 Pa. 166.

OPINION BY MR. JUSTICE SIMPSON, January 4, 1919:

In accordance with the Act of May 31, 1911, P. L. 468, the Commonwealth took over and thereafter was in exclusive control of certain of its highways, one of them being the road upon which the accident happened as hereinafter stated. That road was not kept in proper repair, and as a result thereof plaintiff's husband was killed by being thrown from a wagon he was driving, when its wheels sank into a ditch in the road. The jury found, and their findings are not challenged on this appeal, that the defect had existed for so long a time that the Commonwealth should have taken notice of and repaired it; and that plaintiff's husband was not guilty of contributory negligence. At the trial the Commonwealth presented a point for binding instructions, which was refused, a verdict was rendered for plaintiff, a motion for judgment non obstante veredicto was duly made and dismissed, judgment was entered on the verdict, and the Commonwealth now prosecutes this appeal.

Plaintiff's right to sue the Commonwealth is based upon the Act of May 10, 1917, P. L. 159, which authorized her to bring suits "for any sum or sums of money that may be legally or justly due the said Ida Collins, in her own right or in the right of her minor children,

arising out of the death of Wilbert Collins, husband of the said Ida Collins, and father of her said minor children, while the said Wilbert Collins was driving along the State highway in Somerset County, near Meyersdale." The only question we need consider is whether or not that act is constitutional, in view of Article III, Section 7, of the Constitution, hereinafter quoted.

It is clear that the Commonwealth, being sovereign, cannot be sued without her consent, which may be given by the Constitution or by statute. If the Constitution is silent on the subject, the legislative authority, being uncontrolled, is supreme; but if the Constitution speaks, then the legislative consent can become effective only if the legislature has complied with the requirements imposed upon it in passing the consenting statute; for not otherwise is it authorized to consent.

Art. I, Sec. 11, of our Constitution provides, inter alia, that "Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the legislature may by law direct." That provision is general in its terms; but not more general than Art. III, Sec. 7, which embraces all legislative action on the subjects specified in it, and is intended to prevent favoritism in legislation, whether as regards individuals or localities. Hence, so far as affected by the provisions thereof, the State has not consented to waive her sovereign right to immunity from suit, except as a result of general acts of assembly.

Art. III, Sec. 7, says, inter alia, "The general assembly shall not pass any local or special law......regulating the practice or jurisdiction of, or changing the rules of evidence in, any judicial proceeding." Inasmuch as the State is not liable for the negligence of her officers in not properly repairing her highways, and was not liable to plaintiff at the time of the injury to and death of her husband (36 Cyc. 881-2; Gibbons v. U. S., 75 U. S. 269; Black v. Rempublicam, 1 Yeates 140; 26 Am. & Eng. Ency. of Law (2d Ed.) 480-481), it is evident that if the

Act of 1917, authorizing plaintiff to bring this suit, is to be so construed as to make the State liable to her for that injury, it is a "special law" "regulating the practice," and "changing the rules of evidence" in this particular "judicial proceeding," and is, therefore, in direct violation of Art. III, Sec. 7, above quoted. From that conclusion there is no escape save by asserting that Art. I, Sec. 11, is subject to none of the other provisions of the Constitution, and is not to be construed in the light of and together with those other provisions.

The only possible basis for such a contention grows out of Art. I, Sec. 26, which provides that "everything in this article is excepted out of the general powers of government, and shall forever remain inviolate." It is suggested that the effect of that section is to give to all the other sections of that article a special significance, and to make them in effect an imperium in imperio. That is not an inapt designation in so far as relates to those inalienable rights therein expressly reserved to the people (Erdman v. Mitchell, 207 Pa. 79, 92), but it does not apply to the clause quoted from Sec. 11, which simply gives the legislature power to pass enabling acts, and would have been more appropriately located in the article on legislation. If Sec. 26 had the effect of making that clause of Sec. 11 independent of all the other provisions of the Constitution, then "the legislature" could give the right to sue without submitting the measure to the governor for his approval or disapproval; and the words "by law" would have a meaning entirely different from that which they have in all other legislative proceedings. No reason exists why such a conclusion should be reached, and we therefore hold that Sec. 26 does not give to the clause quoted from Sec. 11 an independent position in our scheme of government, but leaves it to be construed in conjunction with all other relevant constitutional provisions.

But it is also said that inasmuch as Art. I, Sec. 11, is in haec verba, Art. IX, Sec. 11, of the Constitutions of

1790 and 1838, which imposed no limitations on the legislative power to pass special enabling acts, it should now receive the same construction as they would have received under those Constitutions. The principle relied on for that contention, would appear to be that when a provision, which has received a definite construction, is repeated in a later statute or Constitution dealing with the same subject-matter, its language must receive the established construction, even though otherwise a different conclusion might be reached. There are two answers to that contention: (1) No case has been found in which those prior constitutional provisions have received the construction now sought to be placed upon Art. I, Sec. 11; and (2) The provisions in relation to special legislation were unknown to the Constitutions of 1790 and 1838; and hence it was not until the Constitution of 1873 was adopted that it was possible to construe them together. The only open question is, therefore, whether or not the necessity for a limitation of Art. I, Sec. 11, is within the mischief sought to be remedied by the provisions forbidding special legislation. On that point there can be no doubt. An illustration for the character of the case now before us, will demonstrate the fact that favoritism in its most obnoxious form might thus be made possible. Smith and Jones might be injured in the same accident, due to the same alleged defect in the highway. Each would be without legal claim or right of suit, but Smith, through favoritism, might get a special act passed in his favor, and Jones, being without such friends, would go unrequited. The people, by the present Constitution, determined that their representatives in the general assembly, should be relieved of both the burden and the obloquy of such possibilities, and it is our duty, as well as our pleasure, to see that the will of the people is obeyed. We said in Perkins v. Philadelphia, 156 Pa. 554, 565, and now repeat: "It is certainly not forgotten, that the well-nigh unanimous demand which brought the convention of

1873 into existence, was prompted by the evils springing from local and special legislation. That convention, direct from the people, composed of the ablest and most experienced citizens of the Commonwealth, framed this Art. III on legislation. Assuming, what was the settled law, that the general assembly had all legislative power not expressly withheld from it in the organic law, they set about embodying in that law prohibitions which should, in the future, effectually prevent the evils the people complained of. Art. III is almost wholly prohibitory; it enjoins very few duties, but the 'thou shalt nots' number more than sixty, among them sections 3, 7 and 20, which we here decide to be transgressed by this act. That Constitution, with this article the most prominent feature of it, was adopted by an unprecedented majority on a direct vote, indicating a settled determined purpose on part of the people to hold back from the legislature the power to enact local and special laws. Every department of the government is bound by its provisions, but especially is this court, for on it is the duty of judicially determining any violation of it. The State as a whole is subject to it; the largest municipality as well as the smallest township."

It follows from what has been said that where there is neither liability for the alleged tort, nor a right to sue, the legislature cannot by a special act vest in a particular individual a right both to sue and to recover for the tort. A general act is the only remedy for that state of affairs. But if there was a liability at the time the act authorizing suit was passed, then that act, though special, would not change the practice and rules of evidence in the judicial proceeding authorized, nor would it be granting a special privilege or immunity to an individual, and hence would not be obnoxious to Art. III, Sec. 7; nor would it be an appropriation of State money to any person, or the payment of a claim against the Commonwealth without previous authority of law, as forbidden by sections 11 and 18 of the same article. The

learned deputy attorney general, who so ably argued this case for the Commonwealth, recognizing that that conclusion was correct, expressly admitted that such an act would be unobjectionable. We therefore turn, finally, to see whether or not the Commonwealth was liable to plaintiff independent of the Act of 1917. Plaintiff alleges that it was under Sections 6 and 11 of the Act of May 31, 1911, P. L. 468, especially when taken in conjunction with our decision in Clark v. Allegheny County, 260 Pa. 199.

Section 6 of that act provides that the roads taken over by the Commonwealth shall be "built, rebuilt, constructed, repaired and maintained by and at the sole expense of the Commonwealth, and shall be under the exclusive authority and jurisdiction of the State Highway Department." Section 11 provides that "The State highway commissioner is directed to construct or improve, and thereafter to maintain and repair at the cost and expense of the Commonwealth, the highways" mentioned in the act, and "in addition to the powers conferred upon him in this act, shall enjoy and possess, in the construction and maintenance of the highways...... all the rights and powers conferred by existing laws on supervisors or commissioners in townships in the construction and maintenance of township roads."

Appellant contends that the words just quoted show an assumption of liability by the Commonwealth for the neglect of her agents in not repairing the roads taken over by her; but we agree with the decision of the Court of Common Pleas of Allegheny County in Dietrick v. Commonwealth, 64 Pitts. L. J. 577, that neither in the words quoted, nor elsewhere in the act is there either an express or implied assumption of liability by the State for the negligence of its agents in relation to said roads. Yet in order to hold the State liable, the intention so to do must appear in clear and unambiguous terms: 26 Am. & Eng. Ency. of Law (2d Ed.) 487; 36 Cyc. 913.

Another consideration reaches the same conclusion. The highways of the State belong to the State, and, at common law, she is not liable for negligence in their maintenance. When she puts their care into the hands of a subordinate public agency, and expressly charges it with the duty of maintenance, it may become liable for a breach of the duty thus imposed on it; but there is no liability if there is no statutory duty: Bucher v. Northumberland County, 209 Pa. 618. So when the State resumes control of her highways, without expressly assuming liability for their negligent maintenance, she but takes back to herself the control she for the time being had given to others, and she takes it back just as it was before she gave it, that is, without liability at common law, and with no statutory liability, and hence without liability at all. That conclusion also answers plaintiff's claim that this case is controlled by Clark v. Allegheny County, 260 Pa. 199. There the duty was expressly imposed on the counties by the Acts of June 26, 1895, P. L. 336, and May 11, 1911, P. L. 244, and the counties therefore became charged with the consequent liability for neglect of that duty. Here, however, the State simply takes back her own highways, and as a sovereign is not answerable for the neglect of any of her officers, unless she expressly assumes such liability, which, as above stated, she never has done.

The judgment of the court below is reversed, and judgment is here entered for the defendant.