## Washington Crossing Park Commission

ADAMS, Deputy Attorney General, January 23, 1940. —We have your request for advice as to the position you should take with regard to a claim for damages sustained as the result of a branch of a tree along the river road at the end of Washington Crossing Park falling upon an automobile. We note that the tree was not known to be in a dangerous condition and that, while there were some dead branches on the tree, those over the highway were green.

The Administrative Code of April 9, 1929, P. L. 177, sec. 202, 71 PS §62, as amended, reads as follows:

"The following boards, commissions, and offices are hereby placed and made departmental administrative boards, commissions, or offices, as the case may be, in the

respective administrative departments mentioned in the preceding section, as follows . . .

"In the Department of Forests and Waters . . . Washington Crossing Park Commission". Section 1812 of The Administrative Code, supra, 71 PS §472, provides that:

"Subject to any inconsistent provisions in this act contained, the Washington Crossing Park Commission shall continue to exercise the powers and perform the duties by law vested in and imposed upon the said commission."

Section 1806 of The Administrative Code, 71 PS §466, reads as follows:

"The Department of Forests and Waters shall have the power, and its duty shall be:

"(a) To supervise, maintain, improve, regulate, police, and preserve, all parks belonging to the Commonwealth, except the . . . Washington Crossing Park . . .".

The Washington Crossing Park was established and the Washington Crossing Park Commission was created by the Act of July 25, 1917, P. L. 1209, 32 PS §§1081-86.

Thus, it is quite apparent, from a reading of this act, that the Washington Crossing Park is an agency or instrumentality of the Commonwealth of Pennsylvania, created for the purpose of establishing, improving, and maintaining the site of Washington's Crossing of the Delaware River.

Assuming that there was some negligence on the part of the employes of the Park Commission (although no such evidence appears in the various communications sent to us), the question immediately arises as to whether or not the Commonwealth is liable for the torts of its officers and employes, in the absence of a statute providing that it shall be. This question was before the Supreme Court of Pennsylvania on several occasions and in the case of Collins v. Commonwealth, 262 Pa. 572, the court said (p. 575):

"It is clear that the Commonwealth, being sovereign, cannot be sued without her consent, which may be given

by the Constitution or by statute. If the Constitution is silent on the subject, the legislative authority, being uncontrolled, is supreme; but if the Constitution speaks, then the legislative consent can become effective only if the legislature has complied with the requirements imposed upon it in passing the consenting statute; for not otherwise is it authorized to consent.

"Art. I, Sec. 11, of our Constitution provides, inter alia, that 'Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the legislature may by law direct.' That provision is general in its terms; but not more general than Art. III, Sec. 7, which embraces all legislative action on the subjects specified in it, and is intended to prevent favoritism in legislation, whether as regards individuals or localities. Hence, so far as affected by the provisions thereof, the State has not consented to waive her sovereign right to immunity from suit, except as a result of general acts of assembly."

In the case of Watson et ux. v. Barnhart et al., 33 D. & C. 290, the court said (p. 293) :

"The State is a political, corporate body and can only act through its agents. The Pennsylvania Department of Highways is a part of the State Government and is the agency created by the Commonwealth for looking after the roads which belong to the Commonwealth of Pennsylvania. It is not a subordinate public agency but is the State itself, and no action can be brought against it without the consent of the State. It differs from those agencies of the State which the legislature has incorporated and authorized to sue and be sued, as in the case of counties and boroughs, but the act creating the Department of Highways confers no such authority."

Your attention is called to the opinion of former Attorney General Thomas J. Baldridge (Official Opinions of the Attorney General, 1927-1928, pp. 117, 138), in which it was held that the boards of trustees of welfare institutions could not be held personally liable for the negligence

of the employes of such boards unless they personally contributed to the employe's negligence.

We are, therefore, of opinion, and you are advised that, though no evidence has been produced showing negligence on the part of any employes of the Commonwealth, even if such negligence were shown, the fundamental principle of law that the Commonwealth cannot be sued for the torts of its employes is applicable. Consequently, the claim must be ignored.