## State Teachers Colleges Athletic Contest

BARCO, Deputy Attorney General, February 28, 1940. —You have informed us that the presidents of the State teachers colleges desire to be advised on the following questions:

1. Where a spectator at an athletic meeting between two or more State teachers colleges is injured as a result of being hit by a baseball or shotput and the injury occurs on or off State property, can the injured spectator recover damages?

2. If the spectator may recover for expenses incurred through injury, is it permissible for the State teachers colleges to cover themselves with some form of liability insurance?

From the propounded questions, the chief concern of the presidents of the State teachers colleges appears to be as to what liability, if any, a State teachers college may incur for an injury received by a spectator under the circumstances set forth in your questions.

Under existing law, a State teachers college is an agency of the Government of the Commonwealth of Pennsylvania. This is provided for in the following acts: Sec-

tion 1 of the Act of April 25, 1929, P. L. 712, which is an amendment of the School Code of May 18, 1911, P. L. 309. Article XX, sec. 2001, of the Act of 1929, supra, provides:

"There shall be thirteen State Teachers College Districts in this Commonwealth, as now provided, and one State Teachers College in each district." Section 2002 provides:

"The Colleges shall be a part of the public school system of the Commonwealth . . . ".

A study of these acts indicates that the Act of 1929, sec. 1, is an amendatory act of article XX of the Act of 1911, in that it substitutes the words "State Teachers Colleges", or "Teachers Colleges" for the words "State Normal School".

The Administrative Code of April 9, 1929, P. L. 177, art. II, sec. 201, provides:

"The executive and administrative work of this Commonwealth shall be performed by the Executive Department, consisting of the . . . Governor . . . *Superintendent of Public Instruction* . . . by the following administrative departments . . . Department of Public Instruction" (italics supplied). Section 202 of this same act provides:

"The following boards, commissions, and offices are hereby placed and made *departmental administrative boards*, commissions, or offices, as the case may be, in the respective administrative departments mentioned in the preceeding section, as follows . . .

"In the Department of Public Instruction, [herein follow the names of all the State teachers colleges or normal schools]." (Italics supplied.)

It is, therefore, obvious that a State teachers college or State normal school is a part of the Commonwealth's administrative department and that as such it is a State instrumentality or governmental agency.

In view of this fact, we are, therefore, faced with the question as to the responsibility of this State instrumentality or agency if a spectator is injured under either of

the factual situations, or similar ones, as are set forth in your letter.

In the case of Collins v. Commonwealth, 262 Pa. 572, at page 575, it was held:

" . . . that the Commonwealth, being sovereign, cannot be sued without her consent, which may be given by the Constitution or by statute."

Predicating on the principle announced in this case, the Department of Justice has further repeatedly ruled that neither the Commonwealth nor any of its institutions, such as a State teachers college, is liable for the negligence of any employe of a State institution. See Statutes of Boards of Trustees of Welfare Institutions, etc., Official Opinions of the Attorney General, 1927-1928, page 138.

Therefore, it can readily be seen that an action for an injury such as has been described in your questions could not be brought against a State teachers college, even if it were assumed that there was some negligence by someone connected with a State teachers college, unless the State should consent to be a defendant to such an action, inasmuch as an action against a State teachers college would be, in effect, one against the Commonwealth of Pennsylvania.

Another principle of law which should be considered by us in this discussion is that which is generally known as the doctrine of "assumption of risk", which is applicable in this case.

The appellate courts of our Commonwealth have ruled that a spectator at a sporting contest assumes all the ordinary dangers incident to the game in witnessing the contest. See Benjamin v. Nernberg, 102 Pa. Superior Ct. 471, an action of trespass to recover damages for personal injuries sustained while playing golf on a public links; and Douglas v. Converse, 248 Pa. 232, where a spectator was injured at a polo game when a horse became unmanageable and, breaking from the field of play, ran into the spectators, of whom the plaintiff was one.

From the principle laid down in these cases, which is applicable to our case, we can see that a spectator at a baseball game or a track meet assumes, as a matter of law, the chance of ordinary dangers incident to the game in witnessing the contest, such as being hit by a baseball or shotput.

In connection with your first question, it is also to be noted that you raised the point of "the injury" occurring "on or off State property". The particular emphasis of whether the injury was inflicted either on or off State property is raised undoubtedly by reason of sports events being staged by the various State teachers colleges on athletic fields that are located either on State-owned land, or on real property which is not owned by the State. We believe, in view of our previous discussion of the liability of the Commonwealth for the acts of its officers, agents, or servants, that there is no liability on the part of any of the State teachers colleges, regardless of where the injury occurred.

It is, therefore, apparent from the reasoning advanced by us in this case that there could be no liability for an injury received at a baseball game or track meet, for the reason that a State cannot be sued for any tort of its servant, agent, or officer unless the legislature passes appropriate legislation permitting such an action against the State.

In relation to your second inquiry, we desire to point out that, inasmuch as there is no liability on the part of a State teachers college or of the Commonwealth for an injury received under the circumstances described by you, it is self-evident that it would not be lawful for a State teachers college to spend the money of the Commonwealth for the purpose of liability insurance to provide coverage for these injuries, unless there is statutory authority to that effect. From our research, we have been unable to find any such legislative authority.

We are of the opinion, therefore, and you are advised, that:

1. A spectator cannot recover from a State teachers college or from the Commonwealth if he is injured at an athletic meet between two or more State teachers colleges, or between a State teachers college and another educational institution other than a State teachers college, as a result of being hit by a baseball or shotput, regardless of whether the injury occurred either on or off State property.

2. Inasmuch as there is no liability on the part of State teachers colleges for such injuries, it is not permissible for State teachers colleges to provide themselves with any form of liability insurance in the absence of any statutory authority.