MOUNTCASTLE, Ex'r, v. STATE.

No. 30412. Nov. 9, 1943.

Rehearing Denied Feb. 8, 1944.

*145 P. 2d 392.*

Q. B. Boydstun, of Vinita, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for defendant in error.

SMITH, Special J. This is an action against the State of Oklahoma to recover damages for injuries sustained by a commissioned officer of the Oklahoma National Guard. The action is authorized by House Bill No. 283, enacted by the Fifteenth Legislature, and approved by the Governor on the 3rd day of April, 1935. The trial court sustained the demurrer to the plaintiff's petition, and the plaintiff, electing to stand upon his petition, brought this appeal.

The title of said House Bill No. 283 is as follows:

"An Act authorizing Leo D. Harman, Sr., formerly a captain in the Oklahoma National Guard, to bring suit against the State of Oklahoma for injuries sustained in line of duty as a soldier, providing that if judgment is entered in his favor, that the same shall be paid from the General Funds of the State, appropriating not to exceed $2,500.00, for the purpose of payment of any judgment rendered, and declaring an emergency."

The plaintiff alleged in his petition that he held a commission and rank as captain in the Oklahoma National Guard or Militia, on the 26th day of August, 1926; that said National Guard on said date was participating in an authorized encampment, maneuvers, and other exercises, at Fort Sill, Okla., under the provisions of sections 94, 97, and 99 of the National Defense Act, and while on duty the plaintiff was run down by a motorcycle driven by another member of the National Guard, and thereby seriously injured. That he was placed in the United States Army Hospital at Fort Sill and remained in said hospital until the 28th day of August, 1926, when on said date, without the plaintiff's consent, and before he was fit to be removed, under orders of the Adjutant General of the Oklahoma National Guard, he was removed from said hospital. That by reason of such removal the plaintiff lost his status under sections A and B, paragraph 8, National Guard Regulations, No. 62, dated August 21, 1925, which regulations provide that officers of the National Guard, injured in line of duty, were entitled to a continuation of the pay and allowances which they were receiving at the time of their injury until they were fit for transportation home. That by reason of such removal, the plaintiff lost $1,956 in pay and allowances under the provisions of said regulations of the National Guard and suffered further damages in the amount of $544 by reason of permanent injuries received as a result of said injury, and prayed for judgment in the total sum of $2,500.

After this action was filed the plaintiff died, and R. M. Mountcastle, executor of his estate, was substituted plaintiff herein.

Plaintiff's brief cites Senate Bill No.

235, approved by the Governor on the 19th day of April, 1935, which act provides certain benefits for members of the National Guard who suffer injuries or contract disease, in line of duty, while on duty or in active service. However, this action does not seek to recover the benefits provided by said act. Plaintiff could not recover under said act by reason of the fact that the injury occurred in 1926, and Senate Bill No. 235 did not become effective until April 19, 1935, and such act was not retroactive.

36 Am. Jur., page 216, par. 47, is as follows:

"It is the generally accepted rule that the organized militia of the states is a state institution — a governmental agency. It is so recognized by the various Constitutions. The chief executive of the state is commander in chief of the state militia. It is a part of the executive branch of the state government to be used as a last resort to compel obedience to the laws."

The state is not liable for negligence or misconduct or wrongful action of officers or agents of the state where the state is not liable under constitutional or statutory provisions. Hawks et al. v. Bland, 156 Okla. 48, 9 P. 2d 720; Jack v. State, 183 Okla. 375, 82 P. 2d 1033.

Said House Bill No. 283 merely removed the immunity of the state from suit in this case. A statute authorizing suits against a state does not render the state liable where there are no constitutional or statutory provisions creating such liability. 59 C. J. 196.

In Hawks et al. v. Bland, supra, this court held:

"The Legislature has no right to appropriate money in payment of a claim for death loss to a state employee, as the state is neither liable on general principles of law, nor under any statute, whereas such an appropriation is clearly a 'gift' within the prohibition of the Constitution of Oklahoma, section 14, art. 10, section 15, art. 10."

Unfortunately, at the time of the injury to the deceased, there was no general law providing for compensation or benefits from the state to him. The petition did not state a cause of action and, therefore, the action of the trial court is affirmed.

CORN, C.J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. GIBSON, V.C.J., and WELCH, J., dissent.

ARNOLD, J., having certified his disqualification to participate in the above decision, the Honorable MERLE G. SMITH was appointed to sit in the place of Justice ARNOLD.