## Conrad v. Collub et al.

*Alfred K. Hettinger*, for plaintiff.

*Fred B. Gernerd*, for defendant.

HENNINGER, P. J., October 9, 1944.—The above-captioned action is for damages for injuries to minor

plaintiff, when struck by a State police car, which plaintiff alleges was operated negligently by the individual defendant, a State policeman, while in the performance of his official duties for the Commonwealth of Pennsylvania.

The Commonwealth of Pennsylvania has obtained a rule to show cause why it should not be stricken from the record as a party defendant and service upon it set aside. Counsel for plaintiff, since the argument, has admitted his inability to bring suit against the Commonwealth upon the facts stated and it is well that he has done so.

The sovereign is generally free from liability to the subject, and one suing the Commonwealth must point to some authority to do so: Collins v. Commonwealth, 262 Pa. 572. There are only two sections of The Vehicle Code even remotely concerned with this subject. Section 1216 of the Act of May 1, 1929, P. L. 905, 75 PS §781, holds the drivers of Commonwealth cars and of those belonging to municipalities to all rules of the road, with certain exceptions, but it clearly subjects only the individual driver to the penalties prescribed for infractions.

Section 619 of The Vehicle Code, 75 PS §212, subjects municipal corporations to trespass actions for the negligence of their employes while in the performance of their duties and while operating motor vehicles, but it designates, as the only municipal corporations to which the act applies, counties, cities, boroughs, incorporated towns, and townships. Since that act does not apply to the Commonwealth and plaintiff's diligence has uncovered no other statute making the Commonwealth liable, it is immune from responsibility under the circumstances.