228 P.2d 945

## LUCERO v. NEW MEXICO STATE HIGHWAY DEPARTMENT et al.

No. 5259.

Supreme Court of New Mexico.

March 13, 1951.

Joe L. Martinez, Atty. Gen., for defendant-appellant.

Simms, Modrall, Seymour & Simms, and Joseph E. Roehl, all of Albuquerque, for intervenor-appellant.

Edwin L. Felter, Santa Fe, for plaintiff-appellee.

McGHEE, Justice.

The appellants were the defendant and intervenor, respectively, below and seek the reversal of an adverse judgment there rendered which awarded damages against the defendant in the sum of $5,000 on account of personal injuries sustained by the plaintiff when he was struck by a tire blown from the wheel of a road grader being operated by a state employee. The intervenor had paid a consent judgment for more than $3,000 in a suit against it under the Workmen's Compensation Act and sought subrogation in the amount paid on account of such claim.

The action was brought under authority of Chapter 162, Laws of 1947, the material part of which reads as follows: "Section 1. The State of New Mexico hereby consents to and authorizes a suit by Alfredo Lucero to be brought against the State of New Mexico, and hereby waives its sovereign exemption from suit by said Alfredo Lucero. In the event of a judgment against the State being entered and sustained by the Supreme Court, in case the suit is appealed, the State Highway Commission is hereby authorized to pay to said Alfredo Lucero the amount of said judgment from the proper funds. Any judgment entered shall not exceed the sum of Five Thousand ($5,000.00) Dollars."

In view of the fact a number of like acts were passed at the 1947 and 1949 sessions of the Legislature, and numerous suits authorized thereby are now awaiting our decision in this case before trials are held in the District Court, we will pass directly to a consideration of the decisive constitutional question.

We will first consider the claim that the legislative act in question violates Sec. 24 of Art. 4 of the Constitution of New Mexico, in that it is a special law in a field where a general law could be made applicable.

Undoubtedly, Chapter 162, supra, is a law applying only to the plaintiff here,

which gives him alone a right to sue the state for injuries resulting from its negligence. It is settled by the case of Vigil v. Penitentiary, 52 N.M. 224, 195 P.2d 1014, that a tort action may not be maintained against the state absent legislative permission.

We recently considered the question of special and general laws in, Crosthwait v. White, 55 N.M. 71, 226 P.2d 477, and there followed the decision in State v. Atchison, T. & S. F. Ry. Co., 20 N.M. 562, 151 P. 305, and again approved the following definition of general and special laws in 1 Lewis' Sutherland Stat.Const. (2d Ed.) § 197, and § 199:

"Laws of a general nature are such as relate to a subject of a general nature, and a subject of a general nature is one that exists or may exist throughout the state, or which affects the people of the state generally, or in which the people generally have an interest.

\*　\*　\*　\*　\*　\*

"Special laws are those made for individual cases, or for less than a class requiring laws appropriate to its peculiar condition and circumstances; \* \* \*."

This definition of a special law fits Chapter 162, supra, like a glove. It was enacted for the sole purpose of allowing Lucero to sue the state for damages claimed to have been suffered on account of its negligence after he had received the statutory amount provided for Highway Department employees by the Workmen's Compensation Act. 1941 Comp. § 57–901 et seq. No other person who might have a like claim could prosecute such a suit under this act passed for the benefit of Lucero. The question then arises whether a general law could be enacted under which such a suit could be brought. The query answers itself. A general law could be enacted providing that the state shall be liable to persons injured or killed on account of the negligence of the state, its officers or employees, and such injured persons or their representatives may maintain suit therefor and obtain judgment against the state. Under the authorities it would be debatable whether the legislature could authorize recovery for a past tort, but, if not, then Lucero may not maintain this action for the same reason.

Laws allowing specified individuals to sue the state for torts have been enacted in other states. We will turn to a consideration of the reported cases construing them.

In 1931 the Legislature of Oklahoma passed an act appropriating money to be paid to the widow of an employee of the highway department who sustained a fatal injury in the performance of his work. In Hawks v. Bland, 156 Okl. 48, 9 P.2d 720, 723, the Supreme Court held it to be a special act and therefore unconstitutional

because it violated Sec. 59, Art. 5 of their Constitution, reading: "Where a general law can be made applicable, no special law shall be enacted."

In Pennsylvania the Constitution allows suits against the commonwealth in such cases as the Legislature might direct. It also contains a provision forbidding special laws regulating practice and changing the rules of jurisdiction. It was held in Collins v. Commonwealth, 262 Pa. 572, 106 A. 229, 231, that a law permitting a specific individual to sue for the death of her husband which had been caused by a defective highway was violative of the constitutional provision prohibiting the change in practice or jurisdiction by a special law. There, as here, an individual could not sue the state without its consent. It was there the accepted law that the state was not liable for its torts absent a legislative act so providing. The court said, among other things: "It follows from what has been said that where there is neither liability for the alleged tort, nor a right to sue, the Legislature cannot by a special act vest in a particular individual a right both to sue and to recover for the tort. A general act is the only remedy for that state of affairs."

In State v. Parsons, 58 Idaho 787, 80 P.2d 20, it was held the Legislature could not under their constitution prohibiting gifts to any one pass an act assuming liability for a tort committed in the past.

The decision in Hawks v. Bland, supra, was followed in Jack v. State, 183 Okl. 375, 82 P.2d 1033; Wright v. State, 192 Okl. 493, 137 P.2d 796; and Mountcastle v. State, 193 Okl. 506, 145 P.2d 392.

The case of Commonwealth v. Bowman, 267 Ky. 50, 100 S.W.2d 801, held contrary to the cases cited above, but the court indicated its principal reason was that such practice had been followed in Kentucky for one hundred years, and it was not inclined to correct it at such late date.

■ The plaintiff cites cases from other jurisdictions in support of his claim that the act involved may not be condemned as a "Special Law," but we deem them to run counter to our own decisions, supra, and what we consider the better rule. We hold Chapter 162, Laws of 1947, violates Sec. 24, of Art. 4 of our Constitution, and is therefore void.

If the Legislature desires that compensation be paid to persons suffering injuries because of the negligence of its officers or employees, it will have to open the door to all alike.

Other constitutional questions are raised but as our decision on the one point effectively disposes of the case, we will not here pass upon them.

The judgment will be reversed and the cause remanded to the lower court with

instructions to vacate its judgment and dismiss the plaintiff's cause of action.

It is so ordered.

SADLER, COMPTON, and COORS, JJ., and C. ROY ANDERSON, District Judge, concur.

LUJAN, C. J., not participating.