244 P.2d 1110

**VIGIL et al. v. STATE.**

No. 5408.

Supreme Court of New Mexico.

May 29, 1952.

Joseph L. Martines, Atty. Gen., Philip H. Dunleavy, James B. Cooney, Willard F. Kitts, Asst. Atty. Gen., for appellant.

Harry L. Bigbee, F. A. Catron, Santa Fe, for appellees.

SADLER, Justice.

The state appeals from a judgment rendered against it in an action instituted on behalf of four minor plaintiffs by their next friends under the authority of L. 1949, c. 55, granting consent by the State to be sued by next friends on behalf of the minors to recover for personal injuries suffered by them through negligence of employees of the State Penitentiary. The judgment is for the maximum amount permissible under the act, $10,000, apportioned between the minors according to the damages suffered by each, respectively.

A mere reading of the enabling act mentioned in the light of our recent decision in Lucero v. New Mexico State Highway Department, 55 N.M. 157, 228 P.2d 945, establishes beyond doubt that the statute mentioned is unconstitutional as a special law enacted where a general law could have been made applicable contrary to the provisions of Const. Art. 4, § 24. In the Lucero case we struck down a law similar to this one as violative of this constitutional provision and the present act is equally vulnerable. For first consideration, then, is the question whether the

State has cast away an obviously perfect defense by failing to interpose it. Counsel for the plaintiffs (appellees) say it has done so. This, in effect, is to assert that though admittedly it requires the solemnity of an express legislative enactment to waive the State's sovereign immunity to suit, it may nevertheless do so through failure to have the question raised in its behalf when sued or proceeded against by some complaining litigant.

■ As already indicated, this case is disposed of by our decision in the Lucero case, cited above, if it is open to the state to urge the question on this appeal. We think the state may do so for two reasons. First, because even if the matter had not been urged below, it could be raised here for the first time. State ex rel. Evans v. Field, 27 N.M. 384, 201 P. 1059, 1060. In that case, as in the present one, it was urged that the state was in no position to claim immunity from suit because the question had not been presented below. We disposed of the contention in the following language:

"It is contended by the Attorney General for the respondent that this proceeding is in effect an action against the state, and cannot be maintained without its consent. This proposition was not raised by the demurrer in the lower court and is presented here for the first time under the first assignment of error, which is to the effect that the court erred in overruling the demurrer because the state was a necessary party. This assignment, under ordinary circumstances, in litigation between private persons, would hardly be held sufficient to present the question argued, viz. that this is an action against the state and cannot be maintained. The question, however, is one of jurisdiction, if the argument advanced is sound, and we ought to and will consider it, especially in view of its public nature."

In Dougherty v. Vidal, 37 N.M. 256, 21 P.2d 90, 93, the matter was viewed in the same light as indicated by the following language, to-wit:

"Moreover, a question of jurisdiction arises. This court is the creature of the sovereign state. It can have no natural or presumptive jurisdiction over its creator. Such jurisdiction as we have over the state we must trace to the Constitution or to that branch of government which declares the state's public policy. In the absence of plain consent, to entertain a suit against the state is judicial usurpation."

See, also, Arnold v. State, 48 N.M. 596, 154 P.2d 257; State ex rel. Del Curto v. District Court, 51 N.M. 297, 183 P.2d 607, and Vigil v. Penitentiary of New Mexico, 52 N.M. 224, 195 P.2d 1014. In the last mentioned Vigil case, the status of the law

in New Mexico on the subject is clarified in a lucid opinion prepared for the Court by Mr. Justice McGhee, pointing out that the decision in the Arnold case had reversed a tendency reflected by certain former cases such as Locke v. Trustees of New Mexico Reform School, 23 N.M. 487, 169 P. 304, of a liberal policy in allowing actions to be maintained against the state and "placed us in line with a great majority of the courts in other states in holding that statutes authorizing suits against the state are to be strictly construed." [52 N.M. 224, 195 P.2d 1016]

Incidentally, the case of Vigil v. Penitentiary of New Mexico, supra, represents the first effort to collect damages from the state for the injuries sustained by the minors on whose behalf the present action was instituted. We were compelled to hold the first action, though brought against the corporate agency of the state, in fact a suit against the state itself and barred by the state's immunity to suit absent legislative consent. The statute under authority of which the present action was instituted was passed at the next succeeding session of the legislature. It lifts the immunity otherwise enjoyed by the state, if valid. As we have shown, however, an identical statute was held bad in Lucero v. State Highway Department, supra, as being a special law within the prohibition of Const. Art. 4, § 24. It is the plaintiffs' answer to the claim that this is a suit against the state but the Lucero case holds it does not suffice.

In what has been said, we have shown as a first answer to the plaintiffs' claim the state may not rely upon its immunity as a sovereign to maintenance of this suit because not invoked below, that it is a defense which can be raised for the first time in this court. State ex rel. Evans v. Field, supra. And, being invoked here, our decision in the Lucero case is controlling and bars maintenance of the suit. But even if the rule were as counsel for plaintiffs contend, we should have to overrule their claim that the matter was not raised below. Paragraph 3 of the State's motion to dismiss, reads as follows:

"3. Because said Chapter 55 of the Laws of 1949 violates § 24 of Article 4 of the Constitution of the State of New Mexico in that the same is an effort of the Legislature of 1949 to pass a special law to regulate the practice in the courts of justice of this state by limiting the recovery which said courts may award to the plaintiff."

What the state was saying by this paragraph of its motion to dismiss was that the statute relied upon to maintain the suit was ineffective and bad within the prohibition of Const. Art. 4, § 24, against special laws. The mere fact that it pointed out only one of the thirty or more instances

of such laws enumerated in the provision of the Constitution mentioned, which may or may not have characterized this law as special, did not deny the state reliance on the omnibus clause of the section and article invoked. No reasonable interpretation of the third paragraph of the motion could leave anyone in doubt that the state was claiming this act was a special law within the prohibition of this constitutional provision. We hold the statute in question is a special law barred by the Constitution, Art. 4, § 24; that it was fairly raised below and adversely ruled upon by the trial court. But whether so or not, it is before us as a matter the state is entitled to raise here for the first time. State v. Field, supra. The statute represents an instance of a special law in a field where a general law can be made applicable. State v. Lucero, supra.

It follows from what has been said that the judgment reviewed is erroneous and must be reversed. The cause will be remanded to the district court with a direction that it set aside the judgment appealed from and dismiss the causes of action sued upon.

It is so ordered.

LUJAN, C. J., and McGHEE, COMPTON, and COORS, JJ., concur.