## Commonwealth ex rel. Charlton v. Lawson

*John R. Graham,* assistant district attorney and *Raymond R. Start,* district attorney, for Commonwealth.

*Edmund P. Hannum,* Special Deputy Attorney General, for Liquor Control Board.

TOAL, J., July 8, 1954.—On April 9, 1954, an order was entered by this court under the provisions of the Pennsylvania Civil Procedural Support Law of July 13, 1953, P. L. 431, sec. 9, 62 PS §2043.39, directing the Pennsylvania liquor store at 119 W. Third Street, Chester, Pa., as employer, to make a full answer, within 10 days after service of the order, of the amount of wages, salary or commissions of defendant, and directing the store to make no payment to defendant over 50 per cent of the amount due him until further order of the court. This order was left at the store referred to and subsequently reached the office of the Pennsylvania Liquor Control Board at Harrisburg. The store referred to is a Pennsylvania liquor store operated by the board under the authority of the Liquor Code of April 12, 1951, P. L. 90, sec. 104, 47 PS §1-104. Defendant Joseph Lawson is or was at the time the order was served on the liquor store an employe of the Pennsylvania Liquor Control Board.

The board has filed a petition for a rule to show cause why the order of the court should not be quashed.

The question involved may be stated as follows: Is the Pennsylvania liquor store or the Pennsylvania Liquor Control Board subject to garnishment process?

The act setting up the board from which stems the liquor store, in section 104, subsec. (a) states:

"This act shall be deemed an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth . . .".

Section 201 of the act creates the board in the following language:

"An independent administrative board to be known as the 'Pennsylvania Liquor Control Board' is hereby created . . .".

Section 301 of the act sets up the procedure for establishing and operating stores to be known as "Pennsylvania liquor stores" throughout the Commonwealth.

Section 207 of the act provides for the appointment of managers, officers, inspectors, examiners, clerks and other employes as shall be required for the operation of the act and makes said employes subject to civil service.

The Act of July 13, 1953, supra, provides in subsection (c) of section 9 the following:

"(c) The wages, salary or commissions of any person owing a duty of support may be attached in the following manner: (1) A certified copy of the order of support shall be served on the employer, whether a corporation, political sub-division, association, company, firm or individual, and may be served by registered mail or by any adult person or by any other manner provided by law."

The Act of May 28, 1937, P. L. 1019, sec. 101, as amended, 46 PS §601, provides:

"The following words and phrases when used in any law hereafter enacted, unless the context clearly indicates otherwise, shall have the meanings ascribed to them in this section: (88) 'Political subdivision', any county, city, borough, incorporated town, township, school district, vocational school district and county institution district."

The Commonwealth as the sovereign is immune from suit unless it gives its consent to be sued. It cannot be made a garnishee in an attachment execution unless the immunity has been waived in accordance with the provisions of the State Constitution which provides in article I, sec. 11, as follows:

"Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct."

It may be conceded that the Pennsylvania Liquor Control Board could have been subjected to the attachment which is the subject of the case at bar. The legislature did not see fit to do so and, in the absence of a proper consenting statute the immunity is not waived: Collins v. Commonwealth, 262 Pa. 572.

The Pennsylvania Liquor Control Board is an agency of this Commonwealth created by it for the purpose of carrying out a state function and for this reason is clothed with immunity from suit. Merchants' Warehouse Company v. Gelder et al., 349 Pa. 1, 7-8.

The order of April 9, 1954, entered by this court in this matter, has no validity and must be quashed. Accordingly the following is made:

### Order

And now, July 8, 1954, the above matter coming on to be heard and having been argued before the court en banc with written briefs submitted by both sides, and after due consideration, it is hereby ordered, adjudged and decreed as follows:

1. The rule to show cause why the order heretofore entered by the court should not be quashed is hereby made absolute and the order of April 9, 1954, is hereby quashed, and;

2. The Commonwealth of Pennsylvania ex rel. Margaret Charlton is hereby granted an exception to the action of the court taken herein.