Stella McSPARRAN, Administratrix of the Estates of Frank J. Barlek, Deceased and Anna H. Barlek, Deceased,

v.

H. J. WILLIAMS CO., Inc., Fred Wagner, C. Blaine Strickler, East Donegal Township and Lancaster County.

Civ. A. No. 37800.

United States District Court
E. D. Pennsylvania.

Dec. 23, 1965.

Morris S. Finkel, of Richter, Lord, Toll & Cavanaugh, Philadelphia, Pa., for plaintiff.

Frank S. Seiders, Jr., Edward D. Barker, Asst. Attys. Gen., John R. Rezzolla,

Deputy Atty. Gen., for Wagner and Strickler.

BODY, District Judge.

On April 24, 1963 plaintiff's decedents, husband and wife, were fatally injured in a head-on collision between their automobile and a car driven by one Patsy A. Demmy on Route 441 in Lancaster County, Pennsylvania.

Plaintiff alleges that the sole and proximate cause of the accident was a severe dip in the highway which Mr. Barlek's car struck, resulting in a loss of control, and causing his car to crash violently into the Demmy car killing all three persons instantly. This dip or sharp incline was apparently located in a twenty foot long patch put into the road by the State Highway crews when filing a large sinkhole that had opened in February 1963, about two months before the accident.

Five defendants have been named in this wrongful death and survival action, jurisdiction of which is based on diversity of citizenship: (1) H. J. Williams Company, Inc. allegedly constructed the highway in a negligent manner; (2) East Donegal Township and (3) Lancaster County represent the respective township and county wherein the highway in question was located, and they allegedly neglected to keep the road in a reasonably safe condition; (4) C. Blaine Strickler was the Lancaster County Superintendent of Highways for the Pennsylvania Department of Highways at the time of the accident; and (5) Fred Wagner was Strickler's predecessor in that office.

Defendants Wagner and Strickler have been sued as individual tortfeasors. Plaintiff has not named the Commonwealth of Pennsylvania as a party defendant. The theory upon which Wagner and Strickler have been sued is essentially that they owed both a statutory and common law duty toward plaintiff's decedents of generally maintaining the highway in a safe and proper condition, including their responsibility of supervising and directing the repair of the sinkhole which allegedly caused the fatal collision. These two individuals supposedly breached this duty, thereby causing the road to become an instrumentality of death.

The matter presently before the Court is a timely Motion to Dismiss filed by defendants Wagner and Strickler who offer several grounds in support thereof.

## I.

■ The main issue presented for our decision is whether the doctrine of sovereign immunity, as recognized in Pennsylvania, precludes an action against these County Superintendents of Highways for their individual torts. Thus the issue is one of substantive law.

■ A federal district court sitting in a diversity action attempts, whenever possible, to resolve questions of substantive law by looking to the decisions of the highest court of the state in which it sits under the rule of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). However, when the highest state court has not yet had the opportunity to pass upon the particular question involved, the federal court must make its own determination of how that appellate tribunal would rule. Gullborg v. Rizzo, 331 F.2d 557 (3rd Cir. 1964). In arriving at its conclusion the district court is aided by decisions of the state's inferior courts. That is the situation here.

One lower court in Pennsylvania in particular was just recently confronted with the precise issue now before us. In Simonson v. Martin, 35 Pa.Dist. & Co.R. 2d 1 (C. P. Pike County 1963), President Judge Fred W. Davis (Monroe County) held that a plaintiff has the right to maintain a trespass action to recover damages for negligent performance of official duties by state highway officials in their individual capacities, and such action is not barred by the doctrine of sovereign immunity.

The facts in that case are strikingly similar to the situation at hand. The Simonson case involved a petition to strike off a default judgment which had been entered against three defendants. Plaintiffs had instituted an action in trespass to recover for personal injuries and property damages sustained in an accident which occurred in 1955 in Lackawaxen Township, Pike County, Pennsylvania. Plaintiffs alleged that they were driving during the early morning hours on Route 958 in said township when suddenly their car plunged over the edge of a sixty foot washout in the road. The washout had occurred approximately two months prior to the incident from the effects of Hurricane Diane. Their car was demolished and both plaintiffs suffered serious injuries.

In their complaint plaintiffs alleged that the defendants had failed to erect barricades or warning devices which might have prevented the accident. The three defendants named were: (1) the Secretary of Highways of the Commonwealth of Pennsylvania at the time of the accident; (2) the Highway Superintendent for Pike County; and (3) the caretaker of roads for Lackawaxen Township.

Counsel for defendants challenged the default judgments, in part, on the grounds that the Court of Common Pleas of Pike County had no jurisdiction to entertain the question in regard to the judgments because Pennsylvania Rule of Civil Procedure 1503(c), 12 P.S. Appendix vests exclusive jurisdiction of said action in the Common Pleas Court of Dauphin County. The court rejected this contention since the question of jurisdiction depended primarily on whether or not the action was one against the Commonwealth. Judge Davis concluded that the action was one against the defendants, as individuals, for their alleged negligence in the performance of official duty.

In reaching its determination the Court cited with approval [1] the language of the Pennsylvania Superior Court in Meads v. Rutter, 122 Pa.Super. 64, 184 A. 560 (1936), wherein the appellate court affirmed a judgment for the wife plaintiff against an employee of the Pennsylvania Department of Highways whose negligence caused plaintiff's car to collide with the rear end of a snowplow the employee was operating. The rationale of that decision is that:

"An employee or officer of the commonwealth is not a member of a privileged class—exempt from liability for his individual tort. It would be unfortunate, indeed, if one, who has sustained a wrong by an individual, would be remediless and not able to sue him the same as any other citizen because he was an agent, officer or employee of the commonwealth. Like all others, he must personally answer for his wrongful acts, as the doctrine of respondeat superior does not prevail against this commonwealth. The rule that a state is not liable for the negligence or misfeasance of its officers or agents, except where the Legislature voluntarily assumes liability, is well recognized (Citations). 'The immunity of the state does not extend to its officers, and as a general rule state officers and agents are personally liable in tort for unauthorized acts committed by them in the performance of official duties' (Citation)." Id. at 69, 184 A. at 562.

The above-quoted language establishes to our satisfaction that under the existing law of Pennsylvania the defendants, Wagner and Strickler, may properly be sued as individuals for their alleged negligent acts performed while in the office of Lancaster County Su-

1. The court in the Simonson case, supra, also placed reliance upon these decisions: Collins v. Commonwealth, 262 Pa. 572, 106 A. 229 (1919); Hutchison v. Mitterling, 2 Pa.Dist. & Co.R.2d 793 (C.P. Huntington County 1955); Conrad v. Collub, 53 Pa.Dist. & Co.R. 200 (C.P. Lehigh County 1944); Watson v. Barnhart, 33 Pa.Dist. & Co.R. 290 (C.P. Centre County 1938).

perintendent of Highways for the Pennsylvania Department of Highways. Such an action is not precluded by the sovereign immunity doctrine as applied in Pennsylvania.

Plaintiff has submitted a survey of other state and federal [2] court holdings which shed additional light on the question of the scope of the sovereign immunity doctrine. Although these cases are not determinative of the issue presently before the Court, they do represent the so-called "majority view" which supports plaintiff's proposition.[3]

## II.

In their Motion to Dismiss, defendants also contend that the causes of action for Wrongful Death entitled, "First Cause of Action" (Para. 21–24) and "Second Cause of Action" (Para. 25–28) of the Complaint are barred by the Statute of Limitations in that they were not commenced within one year after the death of plaintiff's decedents as required by the Act of April 26, 1855, 12 P.S. § 1603. Plaintiff does not oppose the dismissal of these Wrongful Death Actions contained in the first two counts of the Complaint on the above grounds and is content to pursue only the Survival Actions.

## III.

■ Finally defendants Wagner and Strickler contend that all of plaintiff's actions should be dismissed since the Complaint is so vague and indefinite as to fail to state a claim against them. This argument, briefly stated, is that paragraphs 3 and 4 of the Complaint fail to aver whether the alleged negligence occurred during Wagner's or Strickler's tenure as County Superintendent of Highways.

As an alternative to dismissal, defendants request a more definite statement under Federal Rule of Civil Procedure 12(e) which would compel plaintiff to specify when and how each defendant, Wagner and Strickler, supposedly committed their breaches of duty.

We will deny both of defendants' requests. It is our opinion that the Complaint complies sufficiently with the liberal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Furthermore, my Brother, Judge Van Dusen, has accurately commented that because of the many discovery procedures presently available to litigants in the federal courts, district judges should exercise their discretion sparingly in ordering more definite statements. Greater Valley Terminal Corp. v. Peltz St. Terminals, 21 F.R.D. 167, 169 (E.D.Pa. 1957).

## ORDER

And now, this twenty-third day of December, 1965 it is ordered that the Motion of Defendants, Fred Wagner and C. Blaine Strickler, to Dismiss be and the same is granted as to Plaintiff's Causes of Action for Wrongful Death and is denied as to Plaintiff's Survival Actions.

It is further ordered that the request by Defendants, Fred Wagner and C. Blaine Strickler, for a more definite statement is denied.

2. In a case decided in this district on April 21, 1965 my Brother, Judge Van Dusen, held that a school principal, assistant principal, director of administrative services, and the janitor of a school district in Pennsylvania were not immune from liability for their negligent acts or omissions committed within the scope of their authority. Esposito v. Emery et al., 249 F.Supp. 308 (E.D.Pa. 1965).

3. These decisions are discussed in 40 A.L.R. 39 (supplemented by 57 A.L.R. 1037), an annotation which has for its subject the question of the personal liability of a public official for personal injuries sustained on a highway.