## McDonnell v. Hilbert

*Harry W. Reed, Jr.,* of *Davis, Katz, Buzgon & Davis,* for plaintiffs.

*Thomas A. Ehrgood,* of *Ehrgood & Ehrgood,* for defendant.

GATES, *P. J.,*October 29, 1975—The matter is before us on defendant's motion for a judgment on the pleadings.

The pertinent facts follow.

On November 1, 1972, plaintiffs were injured in an automobile accident when they were struck from the rear by an automobile owned by the Commonwealth of Pennsylvania and operated by defendant, Perry A. Hilbert. As a result of the negligence of defendant, all of plaintiffs suffered serious injuries.

Defendant denies liability and, under a heading of "New Matter," alleges that on November 1, 1972, he was employed as a District Game Protector for the County of Lebanon by the Pennsylvania Game Commission and, while so employed and in the exercise of his official duties at the time, was operating the Commonwealth's automobile when it was involved in the accident.

From defendant's deposition and affidavit in support of his motion for summary judgment, he claims that on the date of the accident he was operating a Game Commission automobile investigating an alleged violation of the Game Laws by a person residing on Spruce Street in the City of Lebanon. As a consequence, he claims he is entitled to summary judgment because he is cloaked with sovereign immunity. For a number of reasons, we disagree.

The doctrine of sovereign immunity is on its way out. It is an archaic doctrine which reverses the concept of responsibility from the government to the individual. It never did make much sense,

much less seem just to compel an individual to absorb damages as a result of negligent conduct for which the Commonwealth is responsible because of the archaic doctrine of sovereign immunity.

Much is heard and written these days about compensating the victims of crimes. The whole of society can far more conveniently absorb the financial disasters of criminal victims. On the other hand, the legislature appears to be dragging its feet when it comes to the concept of spreading civil damages resulting from tortious conduct of Commonwealth employes among all these who are governed.

Perhaps too much unnecessary comment on the doctrine has already been made because the Commonwealth has not been sued in this case; nor for that matter has the Pennsylvania State Game Commission. The only person sued is a citizen of Pennsylvania who happens to be employed by the Pennsylvania State Game Commission as a game protector. The issue before us is, should this archaic doctrine of sovereign immunity be spread so wide and so thin as to cloak him with immunity from liability for damages to these individual plaintiffs caused by his negligent operation of a motor vehicle, merely because the accident happened during working hours?

We would encounter no difficulty disposing of this case even embracing Pennsylvania's law with regard to immunity if it were not for the fact that in Pennsylvania the immunity of the Commonwealth is delegable to "high public officials": Montgomery v. Philadelphia, 392 Pa. 178, 140 A.2d 100 (1958); Matson v. Margiotti, 371 Pa. 188, 88 A.2d 892 (1952). Unfortunately, the law is what fallible judges say it is and we are bound by it. We believe it would be far wiser to follow the agency rule applic-

able in most jurisdictions and as is articulated in the Restatement 2d, Agency, Sec. 347, wherein it is provided that:

"(1) An agent does not have the immunities of his principal although acting at the direction of the principal."

The comment notes that immunities exist because of an overriding public policy which serves to protect an admitted wrongdoer from civil liability. However, they are strictly personal to the individual and cannot be shared. The following is a restatement illustration of the rule:

"1. A, the driver of a municipal fire wagon, drives recklessly to a fire, injuring T. Aside from statute, A is liable to T, although the municipality is not."

Nonetheless, we must cope with the problem, since Lebanon County is still part of the Commonwealth of Pennsylvania and subject to its laws. There are three ways of approaching the solution. The first would be to determine whether or not the Pennsylvania State Game Commission is itself cloaked with sovereign immunity. If it is not, then it has nothing to delegate and there would be no immunity cloak available to defendant. But that would be resolving a constitutional question which we should avoid if we can.

The second approach would be to assume that the Pennsylvania State Game Commission does enjoy sovereign immunity and then decide whether or not a district game protector is a "high public official" to whom the immunity applies. But this would be a lengthy exercise and, we believe, unnecessary inasmuch as the third approach is much shorter and more evident to us.

With respect to the actions of lower level public

employes such as defendant in this case, the immunity rule in Pennsylvania becomes exceedingly complicated. But it is clear that not every type of conduct of such employes in the course of their duties is protected: Meads v. Rutter, 122 Pa. Superior Ct. 64, 184 Atl. 560 (1936); Simonson v. Martin, 35 D. & C. 2d 1 (1963); McSparran v. H.J.Williams Co., 249 F. Supp. 84 (1965); Ammlung v. Platt, 224 Pa. Superior Ct. 47, 302 A.2d 491 (1973).

The perimeters of this branch of the immunity rule are difficult to define, as was recognized by the Ammlung court, supra. Reviewing Pennsylvania cases, it appears as though they all involve matters within the discretion of defendant and directly related to his official job.

In the case before us, at the time of the accident, defendant was driving from the residence of one Robert Horney at 532 Spruce Street, Lebanon. Defendant had been conducting an investigation concerning a game law violation by Mr. Horney and was returning to his headquarters from that investigation. The accident here involved neither Mr. Horney nor defendant's job as a district game protector. It merely concerns defendant's negligent driving. The operation of a motor vehicle by a district game protector is merely tangential to his job. We do not believe that he should be cloaked with sovereign immunity while performing those functions.

We are somewhat buttressed in our opinion by noting that our legislature intends the provisions of The Vehicle Code of April 29, 1959, P.L. 58, 75 PS 1304, to be applicable to drivers of Commonwealth-owned vehicles. Section 1304 of The Vehicle Code provides as follows:

"The provisions of this act, applicable to the drivers of vehicles upon the highways, shall apply to the drivers of all vehicles owned or operated by this Commonwealth, or any county, city, incorporated town, borough or any other political subdivision of the Commonwealth, subject to such specific exceptions as are set forth in this act. The provisions of Article X of this act shall not apply to persons, teams, motor vehicles, and other equipment, while actually engaged in work upon the surface of a highway, but shall apply to such persons and vehicles when traveling to or from such work."

There are no exceptions in The Vehicle Code for district game protectors; nor was this defendant engaged in work on the surface of the highway. Consequently, The Vehicle Code applies to him. Furthermore, it is our judgment that the tort law of Pennsylvania applies equally to defendant under these circumstances. We believe that this result is in harmony with the trend of our law today. Thus, we will enter the following

ORDER

And now, October 29, 1975, defendant's motion for summary judgment is refused.