(131 So. 547)

## HARBIN v. STATE.
### 7 Div. 765.

Court of Appeals of Alabama.
Dec. 16, 1930.

W. J. Boykin, of Gadsden, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

A petition for writ of habeas corpus was filed by appellant before the honorable Woodson J. Martin, judge of the Etowah circuit court, in which it was alleged that he was imprisoned in the county jail and restrained of his liberty by the sheriff, and that such imprisonment or restraint was illegal. This petition was presented to the judge aforesaid on October 29, 1930, and upon its presentation the writ was immediately issued "directing and commanding said Sheriff to have the body of John Harbin, alleged to be detained, * * * with the cause of such detention, before me, Woodson J. Martin, Judge of the Circuit Court of Etowah County at 11 A. M. on November 1, 1930, * * *" etc.

In response to said writ, the sheriff produced the petitioner as commanded, and made the following return in writing:

"Officers Return.

"Ex Parte John Harbin, Jr. Petitioner.

"In the Circuit Court of Etowah County, Alabama.

"Now comes J. L. Gramling sheriff and makes return in his official capacity to the writ of habeas corpus issued in the above stated matter and says that he has the party in his custody as sheriff of. Etowah County under and by virtue of a military order issued by F. E. Butler, Brigadier General and by order or direction of the Governor, by Walter M. Thompson Col. of the 167 Infantry and President of the Court of Inquiry and by virtue of authority or writ of arrest issued by C. C. Whitehead Captain of the 167 Infantry to arrest the said John Harbin, Jr. and notify the Summary Court Officers of Company F. 167 Infantry a copy of which orders is hereto attached marked Exhibits A, B & C, and that he is now holding the said John Harbin Jr. as sheriff under said order and pending the completion of a Court of Inquiry charging said John Harbin Jr. with assaulting First Sergeant Acton Gibbs under the Military Laws of the State of Alabama and the United States military regulations and, he hereby produces the body of said John Harbin Jr. before your Honor in accordance with said writ of habeas corpus. And subject to your Honor's orders and directions in the same. And military charges attached marked exhibit D.

"This the 4th day of November, 1930.
"J. L. Gramling
"Sheriff Etowah County."

Attached to and made a part of said return were several exhibits, the same being exact copies of the process, warrant of arrest, and proceedings under and by authority of which the sheriff held petitioner in his custody.

To the returns of the sheriff and his response to said writ, the petitioner demurred upon several grounds; the substance of which was to the effect that the returns or response failed to show that the detention and restraint of petitioner was legal. The court overruled the demurrers, and this action of the court presents the only question for review here.

By reference to Acts of Alabama 1927, pp. 586, 587, 588, and incorporated in chapter 40

A of the Military and Naval Code (Michie's Alabama Code of 1928, Annotated) § 1600(1), et seq., it affirmatively appears that the custody of petitioner was in accordance with the statute, and therefore legal, the proceedings under which he was held being regular in all things. In said section (section 1600 (49) it is provided:

"A military offense, within the meaning of this chapter, includes any delinquency or violation of the laws [etc.]. The offenses hereinafter enumerated shall be defined as similar offenses are defined in the articles of war, laws and regulations governing the United States army."

Subsection C(1) of section 1600 (48), Alabama Code of 1928, is as follows:

"All courts-martial and summary courts shall have authority to issue writs of arrest directed to the sheriff or constable of any county to arrest and bring before the court any member of the National Guard of Alabama against whom charges are pending in said court."

See, also, Acts of Ala. 1927, p. 587, §§ 51, 52, Code 1928, §§ 1600(51), 1600(52).

The effect of petitioner's demurrers to the returns of the sheriff was to admit as true the allegations thereof, thus presenting a question of law for the determination of the court.

There being no error in the action of the court in overruling the demurrer, the judgment of the court from which this appeal was taken will stand affirmed.

Affirmed.