NATIONAL GUARD — FAILURE TO REPORT Title 44 O.S. 2201 [44-2201](a) (1971) is constitutional in as far as it requires a Chief of Police, a Sheriff, Constable or Peace Officer authorized to serve warrants issued by the Oklahoma National Guard upon Guard members who fail to attend the required' meetings. The Attorney General has received your opinion request wherein you ask the following question: "Is Title 44 O.S. 2201 [44-2201](a) (1971) constitutional in as far as it requires a Chief of Police, a Sheriff, Constable or Peace Officer authorized to serve warrants issued by the Oklahoma National Guard upon Guard members who fail to attend the required meetings?" Title 44 O.S. 1971 2201 [44-2201](a), provides the following: "(a) Officers, warrant officers, and enlisted men of the Oklahoma National Guard may be placed in arrest by their military superiors ' for any offense in violation of this code. If 'any member of the National Guard fails or refuses to report to his appointed place of duty, the commanding officer is authorized to arrest or cause to be arrested such member and have him brought before the commanding officer at his unit or organization-headquarters, whether' such headquarters be located within or without the borders of the state. If military personnel are not available for the purpose of making the arrest, or if the commanding officer deems it advisable, he may issue a warrant to any sheriff, constable, or peace officer authorized to serve warrants of arrest under civil law, and such officer is authorized and required to serve such warrant in the same manner as other warrants of arrest and make return thereof to the commanding officer issuing the warrant." In Mountcastle v. State, Okl., 145 P.2d 392 (1944), the court cited 36 Am.Jur., p. 216, paragraph 47, providing the following: "It is the generally accepted rule that the organized militia of the State is a State institution — — a governmental agency. It is so recognized by various constitutions." Oklahoma has recognized such agency relationship in Article V, Section 40 of the Constitution of Oklahoma, which provides the following: "The Legislature shall provide for organizing, disciplining, arming, maintaining, and equipping the Militia of the State." 54 Am. Jur. 2d, p. 94, Military and Civil Defense, 260, provides the following: "In the National Guard not in federal service the processes and sentences of its court-martial must be executed by the civil officer prescribed by the laws of the states concerned, and where no such provision is made, by a United States marshal, or deputy marshal, who shall make a return to the military officer issuing the process or the court imposing the sentence. . . ." 57 C.J.S., p. 1097, Militia, 20, provides in part the following: "A state legislature usually has power to provide for the imposition of fines and penalties as a means of enforcing the performance of militia duty. On order of the proper authorities the sheriff may, it has been held, detain a militiaman in custody pending his trial on charges by a military court." Your question also concerns Article II, Section 14, of the Oklahoma Constitution, which provides in pertinent part: "The military shall be held in strict subordination to the civil authorities." This constitutional provision reflects the national policy, and is well settled law. The legislature has always retained the power to pass laws regulating the state military. "The power of state governments to legislate concerning the militia existed and was exercised before the adoption of the Constitution of the United States, and as its exercise was not prohibited by that instrument, it remains with the state. . . ." 53 Am. Jur.2d, page 975. In Harbin v. State, Ala., 131 So. 547 (1930), the Court of Appeals of Alabama reviewed a statute similar to 44 O.S. 2201 [44-2201](a) and mentioned no constitutional problems. Section 44 O.S. 2201 [44-2201](a) is merely a detailed, very limited grant of power of the legislature to pass. Also, it is well-settled Oklahoma law that a statute is presumed constitutional absent an obvious conflict with the Constitution. The Oklahoma Supreme Court has fully embraced this presumption. "The Constitution vests in the legislature the supreme power to enact laws to meet the needs of the State; the Legislature's acts are presumed constitutional and should be upheld unless plainly and clearly within express prohibitions and limitations fixed by the Constitution, or unless it exercised its authority arbitrarily and capriciously; and any doubt should be resolved in favor of the power of the Legislature . . ." "An Act of Legislature will not be declared unconstitutional unless its conflict with the Constitution is clear and certain." Spearman v. Williams, Okl.,415 P.2d 597, 600 (1966). See also Adwon v. Oklahoma Retail Grocers Association, Okl., 228 P.2d 376, 379 (1951) and Application of Richardson, Okl., 184 P.2d 642, 644 (1947). Section 2201(a) is not in conflict with Article II, Section 14, of the Oklahoma Constitution. The military remains subordinate to civil authorities. Section 44 O.S. 2201 [44-2201](a) is a direct and limited legislative grant to the military. Any action by the military under Section 44 O.S. 2201 [44-2201](a) is done by the authority of the legislature. It is not done by the sole power or authority of the military. The constitution does not preclude the legislature from passing laws to control and regulate the military. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative in that Section 44 O.S. 2201 [44-2201](a), supra, is constitutional. (Robert L. McDonald)